PEOPLE EX REL. JOHN N. ROEDIGER AND JOHANNA ROEDIGER v. THE DRAIN COMMISSIONER OF WAYNE COUNTY.

*Certiorari—Estoppel from attacking drain commissioner's proceedings.*

Certiorari is a discretionary writ and should not be allowed where the equities are against it.

A wife joining with her husband in attacking proceedings for laying out a ditch can stand in no better position than he in the Supreme Court.

One who knows of all the proceedings of a drain commissioner in relocating a ditch, and who takes the contract to dig it and digs part of it, cannot afterwards attack the proceedings.

Certiorari to drain commissioner. Submitted April 24. Decided April 25.

*Otto Kirchner* for plaintiff in certiorari.

*Charles E. Miller* for defendant in certiorari. Plaintiffs in certiorari are not entitled to relief if it does not appear that the proceedings below will injure them, *Farrell v. Taylor*, 12 Mich., 113; *Davison v. Otis*, 24 Mich., 23.

CAMPBELL, C. J. Relators upon an affidavit made in their joint behalf as husband and wife obtained a certio-

rari to review the proceedings of respondent in relocating a certain ditch, whereby they claim damage accrued. The chief grounds of objection related to the absence of any adequate record.

It now appears that the commissioner was delayed in making up his record by other engagements, and that John N. Roediger knew of most if not all the proceedings, and took a contract to dig, and did dig, part of the ditch. The action of relators here is joint, and it is to be presumed their interest was the common-law tenure of husband and wife, wherein the husband was always the proper person to represent the estate. We are not called on to decide how far he may bind his wife now, because in this case the proceeding is on behalf of both, and she cannot stand in any better position than her husband in this court. As a matter of fact there is reason to believe she knew as much as he did. But we do not care to inquire closely into this, which would be conjectural. Neither shall we look into the law questions.

It is very certain that unless in a case where the remedy is one which courts have no right to refuse, such conduct in a relator as appears in this record should prevent him from being heard to complain. The proceeding by certiorari is subject to discretion, and should not be allowed to be enforced where the equities are so much against it as they are here. *Matter of Lantis*, 9 Mich., 324; *Farrell v. Taylor*, 12 Mich., 113.

The writ must be quashed with costs as improvidently granted.

The other Justices concurred.