45  335
69  487

45  335
114  395

45  335
.d143  ¹199

## RICHARD S. FREEMAN v. DAVID WEEKS ET AL.

*Obstructing a ditch—Acquiescence in running a drain.*

In an action for obstructing a ditch it is unimportant whether the ditch had been legally laid out, if the defendant had consented to it; it is also unimportant whether the parties originally agreed on the line of the ditch, if they acquiesced in what was done.

Where a ditch dug as a neighborhood drain has remained open as a water-
course for some years, it ought to be governed by the rules that apply
to other water-courses.

Error to Macomb.   Submitted Jan. 5.   Decided Jan. 19.

CASE.   Plaintiff brings error.   Reversed.

*Joseph Chubb* and *Edgar Weeks* for plaintiff in error.

*James B. Eldredge* for defendants in error.

COOLEY, J.   This suit is brought for obstructing a ditch, and causing the water usually flowing therein to set back upon plaintiff's land.

The evidence tends to show that the county drain commis-sioner laid out the ditch in 1871 across, among other lands, those of David Weeks; that Weeks objected and proposed to litigate; that finally some understanding was reached between the parties concerned which resulted in the ditch being suffered to be dug without objection, Weeks himself digging twenty rods of it, and that it has remained open from 1871 to the time of bringing suit.   At some time not given in the bill of exceptions Weeks built a fence for a short distance over the ditch, and plaintiff claims that this was laid into or has settled into the ditch, and that thereby the water is caused to set back upon him.   Weeks, on the other hand, claims that he did not assent to the ditch being cut where it was cut in some parts of the line, and he makes what apparently is a very strong showing that the fence does not obstruct the ditch, or if it does, does not set back water upon the plaintiff.   The circuit judge directed a verdict for the defendants.

Importance seems to have been attached in the circuit court to the fact that it was not shown that the ditch was not legally laid out by the drain commissioner.   This would be important if Weeks did not consent, but otherwise not. If by common consent the ditch was dug as a neighborhood drain, and has remained open as a water-course for a series of years, it ought to be governed by the same rules that apply

to other water-courses; and it is an unimportant circumstance that the parties did not originally agree as to the exact line of the ditch if they acquiesced in what was done. On the facts appearing we think, therefore, the plaintiff had a right to go to the jury on the facts.

·The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.