## John Mabee v. Lester Miner, drain com'r.

*Extension of ditch—Estoppel by acquiescence.*

Objections to calling a jury in proceedings to extend a ditch are rendered immaterial by the abandonment of the purpose to extend it across the lands of those who refuse to release damages.

One who has consented to the extension of a ditch which does not cross his land, and has promised to dig his part and tried to let a job therefor, cannot, after partial construction thereof and consequent benefit to himself, complain of being assessed for it.

Certiorari. Submitted Jan. 26. Quashed April 13.

*Melville McGee* for plaintiff in certiorari.

*G. T. Gridley* for defendant in certiorari.

Marston, C. J. Some of the questions which the plaintiff seeks to raise in no way concern him, as the matter complained of could not injuriously affect him. So the objections based upon the fact that a jury was called are of no sort of consequence, as the jury was called because one party over whose land it was supposed the ditch would extend would not release.

As however all the others did release, and the ditch was not extended, but abandoned, over the lands of those not releasing, the action of the jury became immaterial.

The drain does not extend over the plaintiff's lands, but as a part of his lands were benefited by the drain, he was assessed a small amount, which gave him a cause of complaint. The return of the commissioner shows that the said "Mabee was present when I apportioned the construction of said drain and expressed his entire satisfaction at the part apportioned to him, and promised that he would construct his part as soon as any one else, and then and there tried to let out a job for the same." A party thus consenting should not after the ditch has been constructed in part and his lands benefited thereby, as the return shows to be the fact, come into court and be heard to complain. *Roediger v. Drain Com'rs* 40 Mich. 745.

The writ must be quashed with costs as improvidently granted.

The other Justices concurred.