WILLIAM HARWOOD v. THALES W. HUNTOON, DRAIN COM-
MISSIONER OF LESLIE TOWNSHIP, AND JAMES TORREY,
TOWNSHIP TREASURER.

*Drain proceedings—Laches.*

A bill to set aside proceedings to establish a drain, and to enjoin the col-
lection of the drain tax, was properly dismissed where complainant
had joined with others in releasing the right of way, had bid off part
of the work, had neglected to inform himself as to his interests, and
had delayed to file his bill until the whole tax had been collected ex-
cept his share and that of one other objector.

Appeal from Ingham.   (Gridley, J.)   Oct. 17.—Oct. 31.

BILL to set aside drain proceedings and tax.   Complain-
ant appeals.   Dismissal affirmed.

*Grove H. Wolcott* for complainant.

*Huntington & Henderson* for defendants.

GRAVES, C. J.  We think no error was committed by the
circuit court in dismissing the bill in this cause.

It was filed in January, 1883, to set aside proceedings es-
tablishing a drain, and to enjoin the collection of complain-
ant's tax.   The groundwork of the suit is that errors were
committed in the course of the proceedings, and we think
that several irregularities actually occurred; but none are
pointed out or discovered which the Court can now regard
as sufficient to invalidate the proceeding.

The bill rather insinuates than avers some deceptive con-
duct on the part of the commissioner.   It does not amount
to an allegation of fraud or even to a distinct charge of de-
ception, and it would not be competent to regard it as a ba-
sis for the proof of either.   But the evidence fails to fasten
dishonest conduct on the commissioner.

The complainant has not been uniform in holding an ad-
verse attitude.   He joined with others in releasing the right

of way, and he subsequently bid off the work for two sec-
tions. True, he claims to have been misled or deceived,
but his explanations leave an impression that if he was, it
must have been because he took very little, if any, pains to
get accurate information. His views towards the scheme
seem to have fluctuated as his opinion varied concerning his
liability to be called on, or not called on, for a share of the
expense. He deferred filing the bill until the entire tax,
except his own and that of another person who also filed a
bill at the same time, had been collected.

The recent legislation in reference to these drain proceed-
ings is a strong expression of policy which ought not to be
wholly disregarded, and it bears on the case before us very
distinctly. Pub. Act 269 of the Laws of 1881, § 40.

The decree must be affirmed with costs.

The other Justices concurred.