69 484
71 251
69 484
114 332
69 484
117 400
117 532
69 484
136 ²206
69 484
147 ²287
69 484
157 ²304

JOSHUA S. HALL v. PETER M. SLAYBAUGH, TOWNSHIP TREASURER, ETC.

*Drains—Constitutional law—Title of act—Waiver of irregularities in proceedings.*

1. The object of Act No. 227, Laws of 1885, is sufficiently covered by its title.

2. In proceedings under the drain law it is the petition which gives the commissioner jurisdiction, and, if that is sufficient, the other proceedings, if not in accordance with the statute, become irregularities of more or less importance according to the extent of the injury resulting therefrom, which irregularities may be waived by the party affected thereby, in which case he cannot thereafter be heard to complain of the same.

3. On the facts stated in the opinion complainant is held to have waived all of the irregularities of which he complains, and to be liable to pay the assessment made against him.

Appeal from Ionia. (Montgomery, J., presiding.) Argued February 3, 1888. Decided April 20, 1888.

Bill filed to set aside a drain tax, and for other purposes. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Mitchel & McGarry,* for complainant.

*Davis & Nichols* and *A. A. Ellis,* for defendant.

SHERWOOD, C. J. The bill in this case was filed to set aside proceedings establishing a drain under the law of 1881, and to restrain the collection of the tax levied for the construction of said drain against the property of the complainant assessed for benefits, and to 'remove the cloud from the title thereof created by such assessments.

The drain in question runs through the townships of Ionia, Ronald, Orleans, and Easton in the county of Ionia. The petition was filed February 25, 1884. It contains the signa-

tures of six resident freeholders of the townships of Ionia and Easton. This number was sufficient.

The complainant's objection to the proceedings of the commissioners, and the action taken subsequently for the collection of the tax against the property of the complainant, involves the consideration of the provisions of the drain law of 1885, as well as that of 1881.

The taxes in question were first assessed in 1884, but, by reason of the defective condition of the law under the act of 1881, as to the collection of drain taxes, those assessed against the complainant for the drain in question were returned uncollected, and were, by order made at the annual meeting in 1885 of the board of supervisors of Ionia county, together with all others properly returned, charged back to the proper townships for re-assessment in that year; and it is from the re-assessment of taxes in question, thus made, that the complainant asks to be relieved in his bill.

The grounds upon which the complainant bases his right to such relief are—

1. That section 14, chap. 6, Act No. 227, Laws of 1885, is unconstitutional by reason of defective title,—that it does not express the object of the act.

2. If this shall be held otherwise, then it sufficiently appears that the commissioner laying out the drain never acquired any jurisdiction in the premises, by reason of irregularities in the proceedings.

We think the object of the act is sufficiently covered by the title, and that no one could be misled by anything appearing in the act not sufficiently indicated in its title. The title to the act reads:

" An act to provide for the construction and maintenance of drains, and the assessment and collection of taxes therefor, and to repeal all other laws relative thereto."

It is difficult to conjecture anything pertaining to a drain in any way, that would not come properly under this title if made the subject of legislation.

It is the petition, in this class of cases, which gives the commissioner jurisdiction, and, if that is sufficient, the other proceedings after that, if not in accordance with the statute, become irregularities of more or less importance according to the extent of the injury resulting therefrom, and which not unfrequently is so great as to render the whole proceedings void. Such irregularities may be, however, and often are, waived by the party who is to be affected thereby, and when thus waived he cannot be heard to complain thereafter of such irregularity.

In this case we think, after a careful inspection of the record, that, in view of the various things done and suffered to pass without protest or objection by the complainant, justice and equity require that he ought not to be allowed, under all the circumstances appearing, to make the complaint he now does, and that the learned circuit judge was right in so holding. There are unquestionably some irregularities in the proceedings, if the letter of the law is required to be observed. Still, in all material matters in the case of this complainant, he was not misled by them to his injury; and no other party interested, it appears, makes any complaint.

The complainant does not appear to ever have made any objection to the construction of the drain, but it does, we think, appear that he went to the commissioner, showed him where he wanted the drain dug, and requested him to put it there; that he had notice of the hearing upon the petition; that he was present on the hearing of the application for the appointment of the special commissioners, and took part in the proceedings in procuring their appointment,—named one of them, and consented to the others; that he conveyed the right of way across his land for the ditch; that he had notice of the day when the contracts to construct the drain would be made, and that he intended to be there, and bid for them; that he had notice of the day for reviewing assessments, and that he did not attend, neither did he object to letting the

job for the construction of the drain, or to the assessments made against him; that he was acquainted with all the proceedings, and knew of their being had, in the authorizing and constructing of the drain, and when present aided in carrying them forward, and watched after its construction, and what he did not consent to he did not object to; and after waiting until the assessments were all made for paying for the completed work, and all had paid the same except himself, and after he had received all the benefits to be derived from the construction of the work, he for the first time then comes forward, and objects to the whole proceeding as void, and asks this Court to relieve him from the payment of the tax, on the ground that it is just and equitable for him so to do, and that he has no remedy at law.

We think that, under all these circumstances, the complainant should be held to have waived all the irregularities of which he complains, and that he should pay the assessment made against him. *Harwood v. Drain Commissioner,* 51 Mich. 639 (17 N. W. Rep. 216); *Freeman v. Weeks,* 45 Id. 335 (7 N. W. Rep. 904); *Motz v. Detroit,* 18 Id. 495, 528; *Mabee v. Drain Commissioner,* 45 Id. 568 (8 N. W. Rep. 573); *Louden v. East Saginaw,* 41 Id. 18, 22 (2 N. W. Rep. 182); Cooley, Tax'n, 573; *Jackson v. Detroit,* 10 Mich. 248; *Colton v. Rupert,* 60 Id. 318 (27 N. W. Rep. 520); *Farrell v. Taylor,* 12 Id. 113; *In re Lantis,* 9 Id. 324; *Roediger v. Drain Commissioner,* 40 Id. 745.

Nowhere in the complainant's bill is there any allegation that the drain was unnecessary for public health, or otherwise; or that it is improperly or not well constructed; or that it was not reasonably and cheaply done; or that it is not of benefit to him and his property; or that his assessment is unreasonable, or not in proportion to that of the other assessments made therefor.

The case, as it appears upon the pleadings and proofs, we must hold as devoid of equity, and the decree of the circuit judge must be affirmed, with costs.

CHAMPLIN, MORSE, and LONG, JJ., concurred.