DANIEL GILLETT V. WILLIAM McLAUGHLIN, DRAIN COM-
MISSIONER, AND OTHO MOE, TOWN-
SHIP TREASURER.

*Drains—Law of 1885—Appeal to township board from decision of
commissioner—Constitutional law—Title of act—
Internal improvement.*

1. Under the drain law of 1885 (Act No. 227), an appeal to the town-
ship board is *only* given from the per cent. of benefits assessed
by the drain commissioner against the lands of individuals, and
the board has no power to *change* the per cent. assessed against
the township, on such appeal.
2. The drain law of 1885 (Act No. 227), is not unconstitutional
because of defective title, nor is it in violation of section 9, Art.
14, of the Constitution, relating to the State engaging in works
of internal improvement.

Appeal from St. Joseph. (Pealer, J.) Argued February
9, 1888. Decided April 20, 1888.

Bill filed to set aside proceedings establishing a drain, etc.
Complainant appeals. Decree below reversed, and one
entered in accordance with opinion. The facts are stated in
the opinion.

*J. J. Stanton (H. H. Riley,* of counsel), for complainant.

*A. M. Graham,* for defendants.

SHERWOOD, C. J. This is a bill filed by the complainant
against the county drain commissioner and township treas-
urer, for the purpose of setting aside proceedings taken by
the commissioner in laying out and establishing a ditch
known as the "Gillett Drain," in the townships of Burr Oak
and Fawn River, in said county, and to remove the cloud
upon the title to complainant's land created by the tax levied
for the construction of the drain.

The bill alleges various reasons why the proceedings should be set aside, and which complainant claims all go to the jurisdiction of the commissioner, all of which, and some others, are relied upon.

Counsel in this Court claim:

1. That the application for the drain fails to state any public necessity therefor, or that it will be of benefit to public health; that the drain was simply a private concern, and of no public interest.

2. That the petition does not sufficiently describe the place for the location of the drain. It describes it as follows: "Commencing on the south-west quarter of section No. 1, township of Fawn River, 20 chains south, and twelve and 56-100 chains east, of the west quarter post of said section; thence north-easterly to the center of said section, thence north, crossing the township line between said townships near the north quarter post of said section No. 1, terminating about 80 rods north of said quarter post, on section No. 36, in the township of Burr Oak."

3. That the petition is not signed by five resident freeholders. [These three are the objections to the petition in the case.]

4. That neither the final order of determination of the commissioner, nor the notice of letting of contracts, contains a description of the width or the depth of the proposed drain.

5. There was a second letting of contracts for the construction of the drain, and no notice was published or posted of such second letting, as required by statute.

6. It is claimed by the appellant that on the fourteenth day af June, 1886, Edward Troyer, one of the parties interested, took an appeal to the township board from the assessment, made by the commissioner, to have it reviewed; that the meeting of the board was called for the twenty-sixth of June, but that the meeting was held the twenty-fifth; and the township board of Fawn River proceeded to review the assessments made, and changed the per cent. of the benefits apportioned to that town from 20 per cent., to 5 per cent., and placed the 15 per cent. upon the lands belonging to the complainant; and that such action of the board was illegal, and unjust to complainant; and the complainant further claims that the statute authorizing such appeal is unconstitutional.

7. That the tax could not be legally assessed, and entered upon the assessment roll, until after proceedings of the drain.

commissioner had been filed with the county clerk, and that this was never done.

These are the several positions taken either in the bill, or by the complainant's counsel upon the argument.

The defendants both appeared, and made answer to the bill, and say that the petition was sufficient in all essential particulars to give the commissioner jurisdiction to act, and that his action was regular and according to the statute, and deny all illegal acts or omissions charged in the bill on the part of the commissioner.

They admit the taking of the appeal by Mr. Troyer, and aver that it was heard on the day and place appointed by the board, and that the review of the assessment was in all respects according to the statute, and that the determination of the board is in accordance with justice.

They further deny that the complainant was in any way injured by the action of the board.

They further claim that the complainant is not entitled to any relief for the reason that the drain is laid entirely upon his own land, and was so laid at his own instigation and request; that he was one of the petitioners for the construction of the drain; that he released the right of way for the drain through his land where it is constructed; that he watched every step taken in the progress of the improvement; that he was present at every meeting held by the commissioner in laying out and constructing the drain; that he attended the meeting of the township board on the appeal from the finding of the commissioner of benefits, and, without any objection on his part to any of the proceedings, canvassed the merits of the assessments made by the commissioner and appealed from.

That the call for the meeting was made for the twenty-fifth day of June, 1886, and it was held on that day, and that any statement or record showing the contrary is erroneous; that all the parties interested on that day were present,

including the drain commissioner, and, without objection from any one, the appeal was heard and determined by the said township board.

That, at the time of the second letting of contracts charged in the bill by the commissioner, the complainant was present, and bid for the construction of two sections of said drain, and they were struck off to him, and, although he allowed another to do the work, he gave the required bond for its faithful performance; that at this time he made no objection to any of the proceedings of the drain commissioner, nor even to those on the part of the township board; and that the complainant never made any objection of any kind to any one until the tax-roll containing the tax complained of was placed in the hands of the treasurer for collection, and then not until after all parties had paid their assessments, who were taxed for benefits in the construction of said drain, except himself; and that, up to the time of the commencement of this suit, the complainant had taken no steps, entered no objection, nor apprised the defendants, or other persons interested in said drain, that he was not satisfied with all the proceedings had and taken in the laying out, building, and construction of said drain.

For these reasons the defendants urge that the decree already made in the case should not be disturbed.

The cause was heard before Judge Pealer in the St. Joseph circuit, on pleadings and proofs, and he made a decree dismissing the complainant's bill.

We have examined the petition in this case, and find it sufficient to give the drain commissioner jurisdiction to act, and, with the exception of the action taken by the township board on appeal, all the objections made to the proceedings of the commissioner were such as a party interested might waive, and which we think were completely waived under the evidence in this case, which in the main supports the facts as claimed by the defendants, as above set forth.

We think the complainant brings his case, with the exception above mentioned, clearly within the ruling of this Court in *Harwood v. Drain Commissioner*, 51 Mich. 639 (17 N. W. Rep. 216). This very much resembles that case in many of its features.

There is, however, an insuperable objection to affirming the decree. The township board of Fawn River had no power to change the per cent. of the drain assessment to be borne by the township, after the commissioner had fixed it. This appears to have been done by the board, and to that extent their action must be set aside. See section 1, chap. 5, Act No. 227, Laws of 1885.

We find no merit in the objection that the law is unconstitutional because of defective title. The body of the act is clearly within its title, and its objects are sufficiently expressed.

Neither is it in violation of section 9, Art. 14, Const., relating to the State engaging in works of internal improvement. So far as appears, the work is one of local improvement for the benefit of public health, and to be paid for by the townships and persons to be benefited thereby, and which has always been held proper, under our Constitution, when the improvement has been undertaken and carried forward under reasonable legal limitations and safeguards.

The appeal is given only from the per cent. of benefits ordered by the drain commissioner to be assessed against the lands of individuals benefited, and not from the apportionment made against the townships. The township board, on appeal, in their action, reduced the amount to be raised by the township from 20 per cent. to 5 per cent., and added the 15 per cent. to the assessment of complainant on account of benefits to his property. This the board had no right to do, and their action in this regard should be reversed, and the assessment allowed to stand as made before the appeal was taken.

The decree of the circuit court will be reversed, and a new decree entered in this Court in accordance with the opinion. No costs will be given to either party.

CHAMPLIN, MORSE, and LONG, JJ., concurred.