ADDISON P. COOK AND RICHMOND W. FRENCH v. JOHN C. COVERT, TOWNSHIP TREASURER, AND THOMAS SWARTOUT.

*Township drains—Irregularities in proceedings for constructing— Estoppel—Assessment of benefits—Notice.*

1. Land-owners who petition for the construction of a drain, and release the right of way over their lands, and assent to all the proceedings in laying out, establishing, and constructing it, are estopped from complaining of any irregularities in such proceedings.

2. The failure of a drain commissioner to give notice of the time and place for a review of his assessments of benefits, which were made without any notice to those interested some two or three months after the contracts for the construction of the drain were let, and without the knowledge or assent of certain complaining land-owners, will render such assessments void as to them.

Appeal from. Jackson. (Gridley, J.) Argued June 14, 1888. Decided July 11, 1888.

Bill to restrain the collection of a drain tax. Complainant Cook appeals. Decree reversed, and drain commissioner directed to make a new apportionment of benefits and assessments, and give proper notice of review, etc. The facts are stated in the opinion.

*Hewitt & Freeman (Eugene Pringle,* of counsel), for complainant Cook.

*Hammond, Barkworth & Cobb,* for defendants.

SHERWOOD, C. J. The bill in this cause was filed February 17, 1885, to restrain the collection of that part of a tax claimed to have been assessed upon the complainants' lands as benefits for the construction of Plumb Brook drain, located in the township of Columbia, in the county of Jackson. The drain was laid by the township drain commissioner.

It is claimed by the complainants that the proceedings in laying out, establishing, and constructing the drain are all irregular, and, in the apportionment and levying of the tax therefor, the commissioner exceeded his authority, and his acts were without jurisdiction and void; and it is the prayer of the bill that the township treasurer, and his successors in office, may be restrained from collecting the assessments made for said drain against the complainants' lands, and from returning the same for the non-payment of such assessment.

A review of the record shows that there are many irregularities in the proceedings taken by the commissioner in laying out and establishing this drain, but these complainants do not occupy a position which will enable them

to take advantage of any action previous to the apportionment and assessment of the taxes sought to be raised to pay for its construction, by reason of their connection with such proceedings. They were both prime movers for its construction and establishment; they both signed the petition to have it constructed, and under which petition the commissioner acted; each gave a release for the right of way; and each of them assented to all the proceedings in laying out, establishing, and constructing the drain, but objected to the proceedings taken for the purpose of raising the tax necessary to pay for its construction. Of those proceedings to which they assented, and aided in taking, they cannot now be heard to complain. *Rœdiger v. Commissioner*, 40 Mich. 745; *Mabee v. Commissioner*, 45 Id. 568 (8 N. W. Rep. 578); *Harwood v. Commissioner*, 51 Id. 639 (17 N. W. Rep. 216); *Hall v. Slaybaugh*, 69 Id. 484 (37 N. W. Rep. 545); *Gillett v. McLaughlin*, Id. 547 (37 N. W. Rep. 551).

In regard to the expenses, and the apportionment and assessment thereof, for said drain, the statute provides that they shall be ascertained by the drain commissioner, and—

"Shall include all the expenses of locating and establishing the same, including the commissioner's fees, cost of survey, and fees and expenses of the special commissioners, advertising, and all other expenses, the amount of damages awarded by the special commissioners, and the amount of the contracts," etc.

He is required to—

"Add the whole in a gross sum, and shall add thereto ten per cent. to cover contingent expenses, delinquencies, and any extra charges that may accrue, and the sum thus ascertained shall be the cost of construction of such drain." How. Stat. § 1710.

The commissioner is then to apportion the sum so ascertained to the township benefited by the—

"Construction of such drain, to the public health, or as a means of improving any public highway;"—

And the balance of the cost of construction he is required to ascertain, and assess as benefits, and apportion the same upon the lands benefited; and he is required to make a list showing the amount apportioned to the township, the amount to be raised as benefit to. lands, the lands to be assessed, and the amount apportioned to each parcel to be paid. A copy of such list, showing such apportionment, he is to serve upon the supervisor or upon the township clerk of the township in which the lands are situated and assessable. How. Stat. §§ 1705, 1711.

In this case the cost and expenses of the construction of the drain were computed by the commissioner at the sum of $770. He apportioned to the township, to be raised by it, the sum of $123.20, which was 16 per cent. of the whole amount; and he assessed against the complainants, as the amount their property should pay, to Mr. Cook $331.10, and to Mr. French $231.30. It is these amounts that are now claimed by the treasurer of the township to be liens against the complainants' property, and which he is now seeking to realize by enforced collection, and against which the complainants ask relief, claiming such assessment of their property is without authority of law.

It is admitted in the answer filed by the defendants that the commissioner has never filed any of his proceedings, or a copy thereof, in said drain matter, in the office of the township clerk, as required by statute, and they admit that the commissioner never made any return of his doings in the matter of such drain, or of any of the papers in connection therewith, as required by statute.

The complainants claim that they are entitled to the relief they ask, for the reasons, among others, that the

commissioner gave no notice of the time and place when and where he would meet parties for the purpose of letting contracts for the construction of said drain; and that he gave no notice of the time when the assessment of benefits would be made, or be subject to review by parties interested. These notices were essential, and should not have been omitted, unless expressly waived; and the record does not show any such waiver. It appears, upon an inspection of the record, that no notice was ever given that the assessment of benefits would be subject to review at any time or place; and it further appears the assessments actually made were never noticed for review by those interested, and in fact were not made until about two or three months after the contracts for the construction of the drain were let, and then without the knowledge of either of the complainants.

The property of the citizen cannot be condemned or taken from him without notice of some sort, either actual or constructive, of the proceeding in which it is to be done; and this is true in making and levying assessments of taxes, as well as in any other proceeding. No such notice was given to the complainants in this case, and the assessments made by the drain commissioner cannot be sustained. It is unnecessary to repeat our former decision upon this subject. The assessment was without any knowledge or assent upon the part of the complainants, and as to them is void.

I do not think, upon this record, it appearing that the ditch has been constructed, and orders given at least for part pay, that the entire proceedings should be set aside, but so much only as relate to the apportionment of benefits and making assessments. Those should be set aside, and the decree of the circuit judge must be reversed, and an order entered directing the drain commissioner to make a new apportionment of benefits and assessments in

accordance with the requirements of the statute, and give proper notice of the time and place to the parties interested when and where they may review the apportionment thus made.

The other Justices concurred.