DE LAPP v. BECKWITH.

HIGHWAYS — INCREASING WIDTH — APPROPRIATION OF ADJACENT LAND.

    3 How. Stat. § 1365, providing that when any public highway "which passes along the bank" of any lake, river, or other watercourse, and which is not included in the limits of a city or village, shall, by the washing away of the bank, or from any other cause, become reduced to a width of less than 50 feet, the highway commissioner shall lay out such highway upon adjacent land to that width, does not apply to a highway which has become reduced in width by the washing away of the bank of a ditch or other artificial watercourse laid *in* the highway.

Error to Berrien; Coolidge, J.   Submitted June 9, 1897. Decided September 23, 1897.

Trespass *quare clausum fregit* by Robert B. De Lapp against John T. Beckwith.   From a judgment for defendant, plaintiff brings error.   Reversed.

*James O'Hara*, for appellant.

*Gore & Harvey*, for appellee.

MONTGOMERY, J.   The plaintiff is the owner of 20 acres of land in the township of Weesaw, Berrien county. Defendant is the highway commissioner of the township. Some 10 years prior to the commencement of this action, a ditch was constructed by the proper authorities in the highway, and south of the traveled portion thereof, which ditch, as originally constructed, was about 10 feet in width and about 14 feet deep.   By reason of the washing and falling away of the banks of the ditch, the highway south of the plaintiff's land was reduced in some places to 16 or 18 feet in width.   Defendant, assuming to proceed under Act No. 243, Pub. Acts 1881, as amended by Act

No. 54, Pub. Acts 1885, being sections 1365 and 1366 of 3 How. Stat., proceeded to widen the highway at this point, and so as to include portions of plaintiff's land; and, the plaintiff having failed to remove his fence back on notice, the defendant proceeded to do so. This action of trespass is brought to recover damages for this act of defendant. The first question is whether the facts show this case to fall within the terms of the act in question. The act provides that:

"When any public highway which passes along the bank of any lake, river, or other watercourse, and which is not included in the limits of a city or of a platted village, whether incorporated or unincorporated, shall, by the falling or washing away of the bank, or from any other cause, become reduced to a width of less than 50 feet, it shall be the duty of the commissioner, acting upon his own knowledge, or on being notified thereof,   *   *   *   to proceed within 10 days and examine the same, and, if he finds it to be less than 50 feet wide, he shall forthwith lay out, open, and work such highway in and upon the adjacent land to the width of 50 feet."

It is contended by the plaintiff that the act relates to natural watercourses; that the only waters mentioned in the act are natural waters, and the watercourse referred to by the general language "other watercourse" is a watercourse of the same kind; citing Suth. Stat. Const. § 268; *Brooks* v. *Cook*, 44 Mich. 619 (38 Am. Rep. 228), and other cases. This rule is well recognized; but, as ditches have been often referred to in our decisions as watercourses (see *Freeman* v. *Weeks*, 45 Mich. 335), it may be said that watercourses which are liable by the washing away of the banks to result in damage to the highway are within the terms of the act. We should be strongly inclined to adopt this view if the highway in question came within the terms of the act, but it does not. The highway defined in the act is a highway "*passing along the bank* of any lake, river, or other watercourse." It is not a highway *in which* a ditch or other artificial watercourse may be laid. It cannot be considered that the

term "highway," as used in the act, refers to the traveled or wrought portion of the highway, as the statute provides that the highway shall not be reduced below 50 feet, while it is well known that the ordinary country highway has no such width of road fitted for travel.

We must hold that the statute in question did not confer the authority to do the act attempted, and it follows that the judgment must be reversed and a new trial ordered.

The other Justices concurred.