HENRY J. SENG, APPELLANT, V. JESSE O. PAYNE ET AL., APPELLEES.

FILED NOVEMBER 16, 1910. No. 16,163.

1. **Drains: PLEADING.** An allegation in a petition to county commissioners requesting them to locate and construct a public ditch according to the provisions of article I, ch. 89, Comp. St. 1909, that certain described tracts of land owned by the petitioners

will be drained by the ditch, is a sufficient statement that the petitioners' land will be benefited by the improvement.

2. ——: BOND: VALIDITY. A bond conditioned as required by the statute, signed by two individuals, if approved and accepted by the commissioners, is not void because signed by the petitioners only.

3. ——: ——: APPROVAL: PRESUMPTIONS. If the bond is filed in the office of the county clerk and the commissioners locate and construct the ditch, it will be presumed, 20 years thereafter, that the bond was approved, although no record was made of, and no witness testifies to, the precise fact.

4. ——: FINDINGS OF COUNTY BOARD: SUFFICIENCY. A finding made by the county board after a personal inspection of the line of the proposed improvement, and entered by the clerk on the journal of the board, that the ditch is necessary for the benefit of the traveling public, conducive to the good health of the vicinity, and the route prayed for is the most practicable route for the ditch, is a substantial compliance with the provisions of section 5, art. I, ch. 89, Comp. St. 1909.

5. Estoppel: DRAINS: LOCATION. Where the owner of real estate joins in a petition to the county commissioners to locate a public ditch upon his land, and subsequently, after the bond required by statute has been given and approved and findings have been made and entered on the record as the law requires before a public ditch is located, constructs the ditch under a contract with the commissioners and is paid therefor out of the proceeds of assessments levied upon his neighbors' land, he is estopped to deny the authority of the commissioners to locate and construct the ditch because of irregularities in their proceedings.

6. ——: PLEADING. If the facts constituting an estoppel are sufficiently pleaded by a defendant, he will be given the benefit of that defense, although the word estoppel does not appear in his pleading.

7. Easements: NOTICE. "One who purchases land burdened with an open and visible easement is ordinarily charged with notice that he is purchasing a servient estate." Arterburn v. Beard, 86 Neb. 733.

8. County Commissioners: "DITCH FUND," USE OF. Section 25, art. I, ch. 89, Comp. St. 1881 as amended in 1891, authorizes county commissioners in their discretion to use money in the ditch fund to pay for removing obstructions from and for repairing the public ditches located in their respective counties under the provisions of article I of said chapter.

9. **Equity: MULTIPLICITY OF SUITS.** "A court of equity, having obtained jurisdiction of a cause, will retain it for all purposes, and render such decree as will protect the rights of the parties before it, and thus avoid unnecessary litigation." *Buchanan v. Griggs*, 20 Neb. 165.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*France & France,* for appellant.

*C. E. Sandall* and *Power & Meeker, contra.*

ROOT, J.

This is an action to restrain the defendants from exercising an alleged right to enter upon the plaintiff's land for the purpose of cleaning out a ditch. The defendants prevailed, and the plaintiff appeals.

In 1882, the defendant Payne owned the northwest quarter of section 20, in township 9 north, of range 3, in York county, and one Hecht owned the west one-half of the northeast one-fourth of said section. Mr. Payne still owns his tract of land. The land in the northwest corner of said section is somewhat lower than the surrounding territory, so that before the ditch, hereinafter referred to, was constructed surface water after rainstorms would form a pond covering about 100 acres at said point. To remedy that situation Messrs. Payne and Hecht and other owners of the land in that neighborhood petitioned the county commissioners to locate and construct a public ditch eastward across said northwest quarter and across the greater part of Mr. Hecht's land so as to drain said pond. The commissioners located the ditch, and awarded a contract for its construction to Mr. Hecht and a Mr. Warren. These gentlemen dug the drain, and were paid for their labor out of the proceeds of a special assessment levied upon lands benefited by the improvement. So long as the ditch was kept open, it furnished an outlet for the surface waters that accumulated in said depression. At

the time this action was commenced, the ditch was partially filled, and in consequence after rainstorms the land near the corner of said section was submerged and the highways made impassable. By mesne conveyances the plaintiff, in 1903, became the owner of the Hecht land, and now asserts that the county commissioners did not have jurisdiction to construct the ditch, and he will not permit the defendants to repair said drain.

The plaintiff's counsel argue that the jurisdictional facts essential to authorize the commissioners to locate the ditch do not exist. The alleged fatal defects will be considered, so far as may seem necessary, in the order in which they are referred to in counsel's brief. Counsel contend that the petition filed with the commissioners does not contain an allegation that any of the signers own land to be affected by the proposed ditch. There is an allegation in the petition that the ditch will drain lands owned by the petitioners Payne, Warren, and Wilkes, and situated in definitely described sections. The petition is sufficient.

The plaintiff complains that the bond required by section 4, art. I, ch. 89, Comp. St. 1909, was not given. A bond conditioned that the makers thereof would "pay all cost that may occur in case the bord (board) of commissioners find against such improvement," signed by two of the petitioners, was produced by the county clerk as part of the files of his office in the matter of the location of the ditch. It appears that the bond was filed, but beyond this fact there is no record that the undertaking was approved. We are of opinion, however, that at this late day, in view of the action of the board in locating and constructing the ditch, the bond should be held to have been approved by the board, and that, although the board could have demanded sureties not petitioners for the ditch, yet they were not compelled to do so, and the bond under the circumstances of this case should be held sufficient. *Asch v. Wiley*, 16 Neb. 41; *Bingham v. Shadle*, 45 Neb. 82.

Counsel further assert that the county board did not

upon actual view find the proposed improvement was necessary and conducive to the health, convenience and welfare of the community. The record discloses that two of the three commissioners inspected the route of the proposed ditch, reported that fact, and found that the "ditch is necessary for the benefit of the traveling public and conducive to the good health of the vicinity; that the rout (route) prayed for is the most practicable rout (route) for such a ditch." The two commissioners constituted a quorum and could act in the absence of the other member. While the record does not show that the report was formally approved, we are of opinion that the conduct of the commissioners, in the light of all of the surrounding circumstances, warrants a conclusion that the report was treated by the board as a finding by it of the facts therein recited. If the record had been attacked in a direct proceeding by an interested person not responsible for the conduct of the board, it may be a court would have been justified in holding that the statutory findings had not been made by the board. But in the case at bar we think the subsequent conduct of Mr. Hecht justified the district court in sustaining the proceedings of the county board so far as Hecht and those in privity with him are concerned.

Finally, counsel say that notice was not given to Mr. Hecht. The statute provides that after the ditch is located the commissioners shall call to their aid an engineer, who shall go upon the line of the ditch as located by the commissioners, survey and level the drain, and apportion to each tract of land to be benefited by the improvement its proportion of earth to be excavated in the construction of the ditch, and shall also apportion the benefits to accrue to the several tracts of land and estimate the cost of the drain. After notice to the persons interested, the commissioners are authorized to equalize the assessments and levy them upon the tracts of land to be benefited by the improvement.

There is no proof that notice was served on Hecht, but

his land was not assessed.   True, part of his land was taken for the path of the ditch, and there is no·proof that he was paid therefor, but he applied for and was given the contract for constructing the drain, and after completing the work was fully paid therefor out of the assessments laid upon his neighbors' farms.   We are of opinion that Mr. Hecht, by his conduct, is estopped from objecting to the jurisdiction of the commissioners in the matter of locating the ditch.   *Callender v. Patterson,* 66 Cal. 356; *Roediger v. Drain Commissioner,* 40 Mich. 745; *Harwood v. Drain Commissioner,* 51 Mich. 639; *Rowe v. East Orange,* 69 N. J. Law, 600; *Prezinger v. Harness,* 114 Ind. 491.

In *Dakota County v. Cheney,* 22 Neb. 437, it is held that a person desiring to object to the construction of a public ditch should act promptly in urging an objection thereto, and should not wait, with full knowledge of the situation, until the improvement is completed before attacking the authority of the commissioners to act in the premises.   *Darst v. Griffin,* 31 Neb. 668; *Gutschow v. Washington County,* 74 Neb. 794.

Before Mr. Seng purchased the land he inspected the farm and noticed the ditch, and it was apparent the drain had been constructed for the benefit of other tracts of land.   If Mr. Seng had any doubt in his mind concerning his neighbors' rights in the premises, he should have inquired.   Having failed to do so, the plaintiff is charged with notice of those rights.   *Arterburn v. Beard,* 86 Neb. 733.   The plaintiff's counsel argue that the defendants do not mention an estoppel in their answer.   The facts supporting an estoppel are pleaded, and the defendants should be given the benefit of any defense supported thereby, whether by way of estoppel or otherwise.   *City Nat. Bank v. Thomas,* 46 Neb. 861.

The plaintiff contends that, even though the county commissioners did locate and construct the ditch, they have no authority to repair it except upon a petition and according to the provisions of section 4 *et seq.,* art. III,

ch. 89, Comp. St. 1909. The proceeding outlined in the statute, *supra,* refers to drains established under chapter 115, laws 1903 (Comp. St. 1903, ch. 89, art. III), whereas the commissioners of York county were proceeding under chapter 51, laws 1881, and amendments thereto (Comp. St. 1909, ch. 89, art. I). The act of 1881 did not provide for removing obstructions from a county ditch, but in 1891 the legislature amended section 25 of that act so as to provide that money in a county ditch fund might be used, among other things, to pay for "the removal of any obstructions that may accumulate in any portion of any ditch." In our judgment the legislature by the amendment of 1891 intended to authorize county commissioners in their discretion to use money in the ditch fund to pay for removing obstructions from any public ditch constructed under the provisions of article I, ch. 89, Comp. St. 1909. In *Hall v. State,* 54 Neb. 280, cited by the plaintiff, the warrant which formed the basis for the relator's demand for a writ of mandamus was issued in 1889, and the opinion is correct as applied to the statute then in force.

Finally, the plaintiff urges that the allegations in the answer are insufficient to sustain that part of the decree giving the defendants affirmative relief. The defendants specifically prayed for the relief granted by the district court and the entire controversy between the parties was before it. The allegations in the petition and in the answer, taken together, present to the court the plaintiff's contention that he may lawfully obstruct or obliterate the ditch in question and his denial of the defendants' authority to repair the drain. The proof shows that the plaintiff has obstructed the ditch, and that he refuses to permit those in authority to remove such obstructions. The plaintiff has no right to do the things he is enjoined from doing, and he is not deprived of any legal right by the judgment of the court.

A court of equity, having obtained jurisdiction of a cause, should retain it for all purposes, and render such

a decree as will protect the rights of the parties before it with respect to the subject matter of the suit, and thus avoid unnecessary litigation.

We find no error in the record, and the judgment of the district court is

AFFIRMED.