## DE NOMA v. MURPHY et al.

A landowner had signed a petition, asking for the construction of a ditch, and knew the procedure in its establishment, and saw the ditch being constructed and acquiesced in its location and construction, and made no protest, until called upon to pay his assessment. **Held,** in a suit to restrain the collection of the assessment against him, he was estopped to object to any irregularities in the proceedings.

Where a landowner has signed a petition to establish a drainage ditch, he cannot after its establishment question the constitutionality of the law under which it was constructed.

(Opinion filed, December 11, 1911.)

Appeal from Circuit Court, Turner County. Hon. R. B. TRIPP, Judge.

Action by Thab De Noma against J. J. Murphy and others, as county commissioners, and another. Judgment for defendants, and plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant. *Bogue & Bogue,* for respondents.

McCOY, J. This action was instituted to restrain the defendants from enforcing and collecting certain assessments made against the land of plaintiff on account of a drainage ditch. Plaintiff is the owner of two quarter sections of land affected and drained by said ditch. Defendants are auditor, treasurer, board of county commissioners of Turner county, and the contractor who constructed said ditch. On the trial findings and judgment were in favor of defendants; and the plaintiff appeals, assigning various errors and reasons for the reversal of said judgment, among which assignments were the unconstitutionality of the law under which said ditch was constructed, and various irregularities alleged to exist in the procedure establishing such drainage ditch. As we view this case, it will only be necessary to pass upon one question presented by the record.

[1] Defendants by their answer plead that plaintiff was estopped from maintaining the present action for the reasons that plaintiff signed the petition to the board of county commissioners, praying for the establishment of said drainage ditch; that he was present at all times, and saw said drainage ditch being constructed, and knew just what procedure was taking place in relation to the establishment and construction of said ditch; and the court found that plaintiff signed the petition, and had cognizance of and consented to the procedure and construction of said ditch; that the petition described the location of said ditch south of plaintiff's premises as being on the south side of the highway; that the board of county commissioners and surveyor changed such location to the north side of the highway; that the said ditch was put in and constructed on the north side of said highway in the presence of plaintiff, and at plaintiff's request the contractor changed the location of said drain farther out into the highway than he first started to construct it; that plaintiff was present and saw where the contractor finally located and constructed said drain, and made

no protest against the same, but acquiesced in and consented there-
to, until plaintiff was called upon to pay his proportion of the
cost thereof; that the said ditch was fully completed before this
suit was commenced, and drains the lands of plaintiff; and that
he has received and is receiving the benefits therefrom; and on
this finding the court entered judgment, dismissing plaintiff's
action. We are of the opinion that the action was properly dis-
missed.

The precise question here involved was passed upon in the
recent case of Erickson v. Cass County, by the Supreme Court of
North Dakota, 11 N. D. 494, 92 N. W. 841, which was an action
to enjoin the collections of assessments levied in a drainage ditch
proceeding. In that case the court said: "Another reason which
lies at the very foundation of the relief sought compels the same
conclusion. The plaintiffs are seeking the aid of a court of equity
to defeat the collection of assessments imposed upon their lands,
and to have the entire proceedings of the drainage board declared
void and of no effect. The facts of this case are such as to re-
quire a denial of this relief on purely equitable grounds. It ap-
pears that plaintiffs signed the petition which induced the location
and construction of the drain. The drain is 10 miles in length;
and its construction necessarily covered a considerable period of
time, and, as we have seen, involved the expenditure of large sums
of money and the contracting of many obligations. The period of
time covered and the character of the work being done make it
necessary to assume that the plaintiffs, whose lands are adjacent
to the ditch, were fully cognizant of all these facts. No steps of
any kind were taken by the plaintiffs to arrest the progress of the
work, or to challenge its legality in court, by notice to the board
of contractors or otherwise. This action was not instituted until
the drain had been fully completed, and after all the benefits ac-
cruing therefrom had been conferred. Under such circumstances,
a court of equity will not stop to inquire into questions of regu-
larity or irregularity. The cases are numerous, and the courts
unanimous, we believe, in denying equitable relief on facts such
as here represented. The cases also hold that, where one has re-

ceived benefits under an unconstitutional law, a court of equity will not aid him to escape payment by reason thereof, and this upon the ground that he is estopped by the receipt of the benefits from denying its constitutionality. See Vickery v. Blair [134 Ind. 554], 32 N. E. 881, and cases cited. On the general doctrine that a person who passively allows the work of constructing a drain to proceed with full knowledge that he is to be assessed therefor, and that compensation for the work can be provided in no other way than by assessment for benefits, is estopped from restraining the collection of the assessments, see the following cases: Atwell v. Barnes [109 Mich. 10], 66 N. W. 583; Hall v. Slaybaugh [69 Mich. 484], 37 N. W. 545; People v. Drain Com'rs, 40 Mich. 745; Commissioners v. Krauss [53 Ohio St. 628], 42 N. E. 831; Byram v. Detroit [50 Mich. 56], 12 N. W. 912; Burlington v. Gilbert, 31 Iowa, 356; Patterson v. Banner, 43 Iowa, 477; Prezinger v. Harness, 114 Ind. 491, 16 N. E. 495; Board v. Plotner [149 Ind. 116], 48 N. E. 635; Motz v. Detroit, 18 Mich. 495; Smith v. Carlow [114 Mich. 67], 72 N. W. 22; Seattle v. Hill [23 Wash. 92], 62 Pac. 446."

[2] The plaintiff himself, as a petitioner, having invoked the law to establish this drainage ditch, cannot, after the establishment thereof, object to the unconstitutionality of the law. Conde v. Schenectady, 164 N. Y. 258, 58 N. E. 130; Vickery v. Blair, 134 Ind. 554, 32 N. E. 881; Vose v. Cockroft, 44 N. Y. 415; Cooley, Const. Lim. p. 250; 8 Cyc. 791-793.

Finding no error in the record, the judgment of the circuit court is affirmed.