WOODS BROS. CONST. CO., Appellant, v. BOARD OF COM'RS. OF YANKTON CO. (Lawrence, et al, Intervenors), Respondents.

(225 N. W. 228.)

(File No. 6034. Opinion filed May 7, 1929.)

*John J. Hess,* of ·Council Bluffs, Iowa, and *E. E. Wagner,* of Mitchell, for Appellant.

*H. A. Doyle* and *Clark & Henderson,* all of Yankton, for Respondents.

BROWN, J. This is an application for a writ of mandamus to compel the board of county commissioners of Yankton county to accept certain work in constructing retards for the prevention of erosion of the banks of the Missouri river, and to make an assessment against certain real estate alleged to have been benefited thereby. The application for the writ alleged that after the necessary preliminary proceedings a contract was entered into between

plaintiff and the board of county commissioners, by the terms of which plaintiff agreed to construct approximately 400 lineal feet of standard current retards in the Missouri river adjacent to lands described in plans and specifications therefor, which plans and specifications are part of the contract and for which the board agreed to pay $50 per lineal foot in special assessment certificates or drainage warrants or bonds, as provided in Code, § 8465 et seq. In its answer the board alleges, in substance, that prior to any proceedings being had in relation to the matter at all, the plaintiff by its agents represented to the board, and to the petitioners for protection from erosion, that it was engaged in the business of building retards along the banks of the Missouri river; that it was the owner of and exclusively controlled certain patents for building retards and providing anchorage therefor; that by its method of construction it could successfully control the river and protect its banks from erosion; that its method was the only successful one; that it desired to obtain a contract for work in South Dakota for the purpose of demonstrating to the people of the counties lying along the Missouri river the success of its invention and devices used in the work; that, relying on such representations, the board entered into the contract referred to and would not have done so had it not believed said representations to be true; and that the work constructed by plaintiff would, in fact, protect the river bank at the places described in the contract from further erosion, but as a matter of fact said representations were not true, and the work done by plaintiff in pursuance of the contract was utterly worthless and did not prevent erosion in the slightest degree, but rather intensified and made the erosion worse than it was before. The answer further alleges that neither the Constitution nor the statutes of the state permit or authorize the construction of levees, dikes, retards, or other improvements on the banks of navigable streams to be undertaken by counties or drainage districts; and that chapter 193 of the Session Laws of 1921, relating to drainage of agricultural lands, under which it is claimed that the proceedings were had and the contract entered into, is unconstitutional and void.

C. L. Lawrence and R. A. Wheeler, two of the signers to the petition invoking action by the board, intervened, as did also the Merchants' National Bank of Mandan, N. D., and Farmers' & Merchants' National Bank of Mandan, N. D., who are owners of

land within the assessment area. The complaint in intervention of all of these interveners was in substance and effect similar to the answer of the board of county commissioners, alleging similar representations made to the petitioners, and reliance thereon, but for which no petition would ever have been signed and presented to the board.

A jury trial was had, and the court submitted and the jury answered four questions, as follows:

"1. It is stated as a defense in the answer of the Board 'that at the time of the filing of the petition for this work, and prior thereto, the plaintiff company through its representative, stated and represented to the Board of County Commissioners of Yankton County, that said plaintiff company was engaged in the business of building dikes and retards along the banks of the Missouri River; that said company was the owner of and exclusively controlled certain patents which were used for the purpose of building retards and providing anchorage therefor; that the patents above mentioned covered what is known as the Bignell Concrete Pile; that by the use of said pile plaintiff was enabled to successfully build current retards in the Missouri River and to control said river, and its currents, for the purpose of protecting its banks; that said representative or agent of plaintiff company further stated and represented to the board of county commissioners that its method of bank protection along the Missouri River was the only successful one; that the plans therefor had recently been devised and that said plaintiff desired to obtain a contract for work in the state of South Dakota, for the purpose of demonstrating to the people of the counties lying along the Missouri River the success of its invention and devices used in the work.'

"Before the contract between the plaintiff company and the board was entered into, did an agent of plaintiff company here at Yankton in that retard work, state or represent to the board as above stated? Answer. *Yes.*

"2. If your answer to the above question is Yes, did the board rely upon those statements or representations? Answer. *Yes.*

"3. If your answers to the last two questions are Yes, would the board have made the contract involved in this proceeding if it had not been for that reliance? Answer. *No.*

"4. Did the retard work that was done by plaintiff company on this project No. 2, effect the object contemplated by the contract in the way of preventing the washing away of the bank of the river? Answer. *No.*"

The court then made findings of fact and conclusions of law in favor of the defendant, on which judgment was entered denying the writ, from which judgment and an order denying a new trial plaintiff appeals.

The first 17 findings of fact made by the court are substantially in the same language as findings proposed by plaintiff, and recited verbatim all of the proceedings had, from the filing of the petition with the board of county commissioners to the presentation of plaintiff's claim for allowance by the board, and these 17 findings cover 66 pages of the printed abstract. From such proposed findings plaintiff requested conclusions of law in its favor, which the court denied, and in addition to the 17 findings proposed by plaintiff the court made two additional findings, approving and adopting as its own findings the answers of the jury to the questions hereinbefore stated, and further found that the work for which plaintiff seeks payment was never approved or accepted by the state engineer, nor was it approved unconditionally by the project engineer, nor approved or accepted by the board of county commissioners, and that the work was never completed to the satisfaction of said board, and from such findings of fact the court concluded as a matter of law that plaintiff was not entitled to the writ prayed for.

Authority for the enterprise out of which the action arises is claimed to be found in Code, § 8458, as amended by chapter 193, Laws of 1921. The section relates to drainage, and prior to the amendment read as follows: "Powers of County Commissioners. The board of county commissioners, at any regular or special session, may establish and cause to be constructed any ditch or drain; may provide for the straightening or enlargement of any watercourse or drain previously constructed, and may provide for the maintenance of such ditch, drain or watercourse whenever such ditch, drain, or watercourse shall be conducive to the public health, convenience or welfare, or whenever the same shall be for the purpose of draining agricultural lands."

Chapter 193, Laws of 1921, including the title, is as follows:

"An Act Entitled, An Act to Amend Section 8458 of the Revised Code of South Dakota of 1919, Relating to Drainage. * * *

"Section 1. That Section 8458 of the South Dakota Revised Code of 1919 be and the same is hereby amended to read as follows:

"Section 8458. Power of County Commissioners. The Board of County Commissioners at any regular or special session may establish and cause to be constructed levees, dikes, barriers, retards, drains, and ditches; may provide for the straightening, enlargement or revetment, and maintenance of any existing water course, ditch, drain or levee, natural or such as may have been previously constructed, whenever such ditch, water course, drain, dike, barriers, retards or levee shall be conducive to the public health, convenience or welfare, or whenever such work shall be for the purpose of draining agricultural lands or preventing the overflow and washing away of, and damage to and destruction of agricultural lands or public highways. The term drainage wherever used in Sections 8458 to 8494, inclusive, of the South Dakota Revised Code of 1919 or amendments of same shall be held and construed to include all of the works herein enumerated and the term ditch or drain shall be held and construed wherever used in said article to include ditch, drain or water course, and levee, embankment or revetment work for protecting same."

Article 3, § 21, of the Constitution reads: "No law shall embrace more than one subject, which shall be expressed in its title."

■ ■ One of the purposes of this provision is to prevent the inclusion in acts of the Legislature of provisions of which the titles give no intimation and which therefore might be overlooked and carelessly and unintentionally adopted. Cooley's Const. Lim. (5th Ed.) p. 173; State v. Morgan, 2 S. D. 32, 48 N. W. 314; Chapman v. Rural Credits Board, 46 S. D. 72, 190 N. W. 884. We do not believe any one would suppose that an act to amend section 8458 of the Revised Code, relating to drainage, would contain provisions authorizing the straightening of the Missouri river or the building of levees, dikes, or retards along the river, or that the amending of section 8458 would define the term drainage as including all of such works. We think the amendment is plainly

unconstitutional, and that the county commissioners were without authority to let any such contract as that made the basis of this action, and that they cannot be compelled to approve the work or levy assessments to pay for it.

█ Appellant contends that under the doctrine laid down in the case of De Noma v. Murphy, 28 S. D. 272, 133 N. W. 703, respondents are estopped from asserting either the unconstitutionality of the act or resisting the collection of assessments. It was said in that case that plaintiff who was seeking to enjoin the collection of the assessments for a drainage ditch, having been a petitioner for the ditch and received benefit from the work, was estopped to deny the constitutionality of the law under which the drain was constructed. But in the present case the board of county commissioners was not a petitioner for the work, nor were all of the interveners petitioners, and, if an assessment were ordered, it would fall upon a number of persons who took no part in the proceedings at any stage and who are not parties to this proceeding, and who are not shown to have received any benefit from the work, and therefore who could not be precluded from raising the constitutionality of the act. We therefore conclude that the principle of estoppel is not applicable in the present case.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
CAMPBELL, J., concurs in the result.