In re GOLDER'S ESTATE

JOHNSON et al, Appellants, v. SHAVER et al, Respondents.

(158 N. W. 735.)

(File No. 3925.    Opinion filed July 10, 1916.)

**1.   Evidence—Will Contest—Testamentary Capacity—Heirs as Witnesses, Competency—Statute.**

Under Code Civ. Proc., Sec. 486, declaring that no person shall be excluded as a witness because of interest "in the event of action or special proceeding; or because such person is a party thereto," but that, in civil actions or proceedings by or against executors, administrators, heirs at law or next of kin, in which judgment may be rendered or order entered for or against them, neither party nor his assignor, nor any person who has or ever had any interest in the subject of the action adverse to the other party, or to his testator or intestate, shall testify as to "any transaction" with or satement by the testator or intestate, unless called to testify thereto by the opposite party, **held,** that the trial court erred in refusing to admit the testimony of heirs at law of testator concerning the physical appearance, actions, and statements of testator at about the time of execution of the will, showing want of capacity; since such testimony is not testimony concerning "transactions" with decedent, within the meaning of the statute; that the enacting part of the section is sweeping in its terms and, standing alone, would remove all disabilities. Said proviso, which should be construed strictly so as not to take any case out of the enacting clause which does not fall fairly within its terms, does not operate to disqualify heirs as such witnesses.

**2.   Witnesses—Competency—Will Contest, Testamentary Capacity—Physicians—"Action"—"Civil Action"—"Civil proceedings"—Statute, Construction of.**

Under Code Civ. Proc., Sec. 538, declaring that a physican or surgeon cannot, without the consent of his patient, be examined in any civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient, and Sec. 12, defining an action as an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, **held,** that, in view of

Sec. 486, excluding testimony as to transactions with deceased persons either in any action or in any other proceeding, a will contest is not a "civil action," but is a proceeding, and a family physician of testator may testify as to testator's physical appearance, action, and statements at about the time of execution of the will; since said statute making physicians incompetent, being in derogation of the common law, should be strictly construed, and held to apply only where the clear wording of the statute requires such holding.

Appeal from Circuit Court, Tripp County. HON. WILLIAM WILLIAMSON, Judge.

Will contest by Ellen Johnson and Marguerite Golder, against Jean Shaver and Theodore Smith. The instrument having been admitted to probate in the County Court, contestants appealed to the Circuit Court. From a judgment there admitting the will to probate, contestants appeal. Reversed and remanded.

*Dolezal* and *Johnson, F. C. O'Hallaren,* and *E. O. Patterson,* for Appellants.

*Doherty* and *Talbott,* and *French & Orvis,* for Respondents.

(1) To point one of the opinion, Appellants cited: Jones Cy. Ev. sec. 792, Blue Book, p. 872; Witte v. Koeppen, 79 N. W. 832 (S. D.) Shailer v. Bumstead, 99 Mass. 112 and Throckmorton v. Holt, 180 U. S. 552; 21 Encyclopaedia of Evidence, pp. 752-755 and notes.; In re Millers Estate (88 Pac. 339); Jones (Ev. Sec. 344, Blue Book, Vol. 2, p. 810).

Respondents cited: Holcomb v. Holcomb, 95 N. Y. 316; Davis v. Davis, 24 S. D. 474; 40 Cyc. 2314.

(2) To point two of the opinion, Appellants cited: St. John v. Lofland, 5 N. D. 140, 64 N. W. 930-931; Witte v. Koepper, 11 S. D. 598; Bunker v. Taylor, 10 S. D. 526, Ib. 13 S. D. 433, 446; Alexander v. Ransom, 16 S. D. 302; Bigelow Fraud Vol. 1, p. 42; Code Civ. Proc., Secs. 538, 1327, 1036; Prob. Code, Secs. 17, 22, 23; In re Joseph's Estate, 50 Pac. 768; In re Scott's Estate, 15 Cal. 220; In re Blythe's Estate, 110 Cal. 226, 42 Pac. 641; In re Burton's Estate, 93 Cal. 459, 29 Pac. 36, and Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; In re Eysaman's Will, (N. Y.) 3 L. R. A. 599, 605; In re Young's Estate, 94 Pac. 731, 733-734; Doherty v. O'Callaghan, 17 L. R. A. 188; In re Shapter, 35 Colo. 578, 85 Pac. 688, 6 L. R. A. N. S.; Jones' Evidence, sec. 792, Blue Book p. 872.

Respondents cited: In re Flint's Estate (Cal.) 34 Pac. 863; In re Redfield's estate (Cal.) 48 Pac. 794; In re Nelson's Estate (Cal.) 64 Pac. 294; In re Budan's Estate (Cal.) 104 Pac. 442; In re Van Alstine's Estate (Utah) 72 Pac. 942; Auld v. Cathro (N. D.) 128 N. W. 1025, 32 L. R. A. N. S. 71.

WHITING, J. Appeal from a judgment of the circuit court admitting a will to probate. The sole issue presented is whether decedent was, at the time of executing the will, possessed of testamentary capacity.

[1] Upon this question, the protestants, heirs at law of deceased, sought to introduce their own testimony as well as that of two physicians who attended testator at about the time of the execution of the will. The testimony of protestants was excluded upon the ground that it was inadmissible under section 486, C. C. P., that of the physicians on the ground that it was inadmissable under section 538, C. C. P.

Section 486, C. C. P., so far as material to our present discussion, reads as follows:

"No person offered as a witness in any action or special proceeding in any court * * * shall be excluded or excused by reason of such person's interest in the event of the action or special proceeding; or because such person is a party thereto; * * * except as hereinafter provided:

"(1)   * * *

"(2)   In civil actions or proceedings by or against executors, administrators, heirs at law, or next of kin in which judgment may be rendered or order entered for or against them, neither party nor his assignor nor any person who has or ever had any interest in the subject of the action adverse to the other party, or to his testator or intestate shall be allowed to testify against such other party as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party."

Protestants sought to be allowed to testify as to the physical appearance, actions, and statements of the testator at about the time of the execution of the will. Such testimony was offered on the ground that it tended to show testator's mental capacity, and would establish facts upon which expert evidence might be based.

It is too apparent to need discussion that the trial court erred in excluding the testimony of proponents as to the physical appearance and acts of the testator. By no possible stretch can the words "transaction" or "statement" be held to include physical appearance and acts. The primary purpose in the enactment of this statute was to remove the common-law disability resulting from a witness' interest in the outcome of an action or his relationship to a party thereto. The enacting section is sweeping in its terms and standing alone would remove all disabilities. The proviso introduces certain exceptions.

"Such proviso should be construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms; and those who set up such exception must establish it as being within the words, as well as within the reason thereof." Witte v. Koeppen, 11 S. D. 598, 79 N. W. 831, 74 Am. St. Rep. 826.

"This statute should be strictly construed so as not to be held to apply to any person or testimony not clearly within its provisions." Chapman v. Greene, 27 S. D. 178, 130 N. W. 30; Ekern v. Erickson, 157 N. W. 1062.

It is contended by appellants that the provisions of section 486 have no application to will contests, but only to actions wherein the estate is virtually a party—where the result of granting the relief prayed for would be to increase or decrease such estate. They also contend that the facts sought to be shown were what are commonly spoken of as "verbal" acts, and that evidence thereof is competent even though it come from the lips of an heir or next of kin. Inasmuch as practically all the facts sought to be shown were the "verbal" acts of deceased, we do not find it necessary or advisable to pass upon the first contention. Where a witness is rendered incompetent under sction 486, such incompetency only extends to, and forbids his testifying for the purpose of, proving a "transaction * * * with or statement by the testator or intestate," as the basis of a claim for or agaiast some party claiming under deceased; that evidence of statements made by deceased, when they amount to "verbal" acts, may be received upon the question of the testamentary capacity of deceased. Of course, when permitting such evidence to go before a jury, it should be fully instructed as to the purpose for which it is to be received—

that it is not a question of the truthfulness of the statement that they are to determine, but whether the statement was made and, if made, its probative force upon the question of testamentary capacity. When we consider the evident purpose of the enactment of said section 486, it is patent that it was not to exclude evidence of this kind either in any action or in any other proceeding. As was said in Grimshaw v. Kent, 67 Kan. 463, 73 Pac. 92:

"In response to the issue raised as to the mental capacity of deceased at the time of the execution of the contract, after proof of the execution of the contract by deceased had been made, and after it was shown by defendants that deceased had lived for some time prior to the execution of the contract at the home of defendants, defendant * * * was asked, 'What can you say, from your association with her, your observation of her conduct ,and your conversation with her, as to her mental condition?' To this question an objection was interposed, and the answer thereto excluded. Defendant * * * was asked, 'During the time of your mother's last visit, what can you say as to her mental condition, from your association with her, your conversation with her, and her actions and conduct?' The answer to this question was also excluded from the jury. In view of the issue raised by the pleadings, this evidence was material. An attempt is made to justify the ruling under that provision of the Code which rendered defendants incompetent to testify as to any transaction or conversation had personally with the deceased. We do not think this position tenable. These questions were not propounded for the purpose of placing before the jury any transaction with or conversation of the deceased, but for the purpose of apprising the jury of the mental condition of deceased at and before the execution of the contract."

[2] Section 538, C. C. P., is as follows:

"Section 538. There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases:

"(1) An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him,

26—Vol. 37, S. D.

or his advice given thereon in the course of professional employment.

"(2) A clergyman or priest cannot, without the consent of the person making the confession, be examined as to any confession made to him in his professional character in the course of discipline enjoined in the church to which he belongs.

"(3) A physician or surgeon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient.

"(4) A public officer cannot be examined as to communications made to him in official confidence, when the public interests would suffer by the disclosure."

It must be conceded that an attending physician—often the family doctor who has long been acquainted with the deceased—is, both from his special training and education and from his opportunity to observe, generally the best qualified of any person to testify in relation to the mental condition of his patient. There can be no presumption of bias. At common law he was a competent witness. A statute rendering him incompetent, being in derogation of the common law, should be strictly construed and held to apply only where the clear wording of the statute requires such a holding. It will be noted that section 538 places no limitation whatsoever on the nature of the proceeding wherein attorneys, clergymen, and public officials are incompetent; while in the case of physicians it is expressly provided that he is incompetent "in a civil action." The term "civil action" is distinguished from all other proceedings throughout both our Code of Civil Procedure and our Probate Code. In section 486, it will be noted that the lawmakers were careful to use not only the term "action" but also the term "proceeding." Section 12, C. C. P., defines an action as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Part 2 of our Code of Civil Procedure treats of civil actions, and a reading of the same clearly shows that the term as used in such Code is restricted to the meaning given in the above definition. Are we justified in extending its meaning as here used so as to include something not

clearly within its terms? This question has never before been presented to this court. This is clear from a reading of those cases wherein such evidence was offered in will contests. Starkweather v. Bell, 12 S. D. 146, 80 N. W. 183; Ekern v. Erickson, 157 N. W. 1062. It is true that the Supreme Court of California has held a will contest to be a "civil action," within the meaning of a section identical with our section 538; but an examination of the decisions of such court do not disclose that this question was ever raised in a will contest before that court and do disclose that the decisions in all the later contest cases rest for authority on the decision in Re Flint's Est., 100 Cal. 391, 34 Pac. 863. An examination of the opinion in that case discloses that all that was said on this question was obiter. The only contested question before the court was one relating to a party's power to waive the privilege. Upon the question of the incompetency of the witness, the opinions in three cases were cited, all of which were "civil actions." The court then said:

"Counsel for respondent concedes the force of the above authorities, and also concedes that the evidence was objectionable under the provisions of our statute."

But the construction to be put upon the words "civil action," as used in section 538, was directly before the California court in the case of In re Joseph's Estate, 118 Cal. 660, 50 Pac. 768. This was a will contest, and a motion was made to dismiss the contestant's petition because he had not filed a certain undertaking required in civil actions. While the court was not called upon to expressly hold that such a contest was not a "civil action" for any purpose, yet the reasoning of the court necessarily leads to the conclusion that such a proceeding is not in any sense a "civil action." The court said:

"We think, without doubt, a petition to probate a will is the beginning of a special proceeding. The hearing and judgment reached upon it in no sense constitute an action, as defined by section 22 * * * (identical in wording to section 11, C. C. P., supra); and, if not, it is necessarily a special proceeding. Section 23 * * * (indentical with our section 12, C. C. P., reading: 'Every other remedy is a special proceeding.') We cannot see how the filing of grounds of opposition to the probate of the will, or, later, the filing of a petition to contest the probate, can change

the nature of the proceeding. * * * It is not 'an ordinary proceeding in a court of justice by which one party prosecutes another,' etc., as defined in section 22, supra. The fact that section 1312 says that 'on the trial the contestant is plaintiff and the petitioner is defendant' does not tend to show that the nature of the proceeding is changed. It presupposes matter set up as grounds of contest as to which the burden of proof is cast upon the contestant, but it does not purport to be, nor is it, a new action or proceeding. It is entitled, 'In the Matter of the Estate of' the deceased. It receives all its vitality from, and has its origin in, the original petition to probate the will and the statutory provisions governing the proceedings. Section 363, relied upon by respondents as conclusive, cannot receive the construction given it by them unless it be changed so as to make the word 'action' and the words 'special proceeding of a civil nature' interchangeable and synonymous wherever used in the Codes; and this would be inconsistent with our division of judicial remedies as shown in sections 21, 22, and 23, Code Civ. Proc."

The judgment appealed from is reversed and a new trial ordered.