Note.—Reported in 204 N. W. 369. See, Headnote (1), American Key-Numbered Digest, Homicide, Key-No. 276, 30 C. J. Sec. 580; (2) Criminal law, Key-No. 1172(2), 17 C. J. Sec. 3707 (1926 Anno); (3) Criminal law, Key-No. 789(4), 16 C. J. Sec. 2398; (4) Criminal law, Key-No. 327, 16 C. J. Sec. 993; (5) Criminal Law, Key-No. 198(1), 16 C. J. Sec. 2462; (6) and (7) Homicide, Key-No. 300(3), 30 C. J. Secs. 621, 623; (8) Criminal law, Key-No. 338(4, 5), 16 C. J. Sec. 1034; (9) Homicide, Key-No. 158(3), 30 C. J. Sec. 369; (10) Homicide, Key-No. 169(1), 16 C. J. Sec. 1038, Homicide, 30 C. J. Sec. 423; (11) Criminal law, Key-No. 369(3), 16 C. J. Sec. 1165; (12) Criminal law, Key-No. 1129(2), 17 C. J. Sec. 3474.

---

## In re BARRETT'S ESTATE.

### COMMERCIAL & SAVINGS BANK et al, Respondents, v. CARLON, Appellant.

### (204 N. W. 167.)

(File No. 5620.   Opinion filed June 3, 1925.)

1. **Appeal and Error—County Courts—Trial—Reception in Evidence of County Court's Order Allowing Claim Against Estate Not Prejudicial Error, Where Circuit Court Decided Case Without Jury.**

    Where jury was withdrawn and case decided by circuit court in claimant's favor, on administrator's appeal from county court's allowance of rejected claim against estate, error, if any, in reception of county court's order in evidence, was not prejudicial.

2. **Executors and Administrators—Decedents—Verification of Bank's Claim Against Estate by Cashier Sufficient.**

    Proof of bank's claim against estate, verified by cashier, who is executive officer of bank, is verified by claimant, as required by Rev. Code 1919, Sec. 3390.

3. **Executors and Administrators—Decedents—Statutory Requirement that Claimant's Postoffice Address Be Given in Proof of Claim Held Substantially Complied With.**

Statement, in proof of claim against estate, that claimant was banking corporation transacting banking business at Sioux Falls, Minnehaha county, S. D., held substantial compliance with requirement of Rev. Code 1919, Sec. 3390, that post office address be given.

4.  **Executors and Administrators—Note Copied in Proof of Claim Need not be Presented to Administrator for Inspection.**

Note, on which claim against estate is based, need not be presented to administrator for his inspection, where proof of claim contains copy thereof.

5.  **Executors and Administrators—Proof of Claim Held Sufficient in Form.**

Proof of claim against estate on note executed by deceased held sufficient in form under Rev. Code 1919, Sec. 3390.

6.  **Witnesses—Trial—Testimony of Deceased's Son and Heir, as to Transactions or Statements Between Deceased and Person Inducing Him to Sign Note, Inadmissible.**

Testimony of deceased's son and heir, as to transactions or statements between deceased and one who induced him to sign note, out of which claim against estate arose, held inadmissible under Rev. Code 1919, Sec. 2717, subd. 2; witness being interested in subject-mater of action.

7.  **Witnesses—Trial—Administrator's Testimony as to What Agent Who Obtained Note From Deceased Told Administrator Held Inadmissible in Proceeding to Enforce Claim on Renewal Note.**

Administrator's testimony that agent who obtained note from deceased told administrator of such fact, wanted to sell stock to administrator, and made certain representations to latter which he said he had made to deceased, held properly excluded in proceeding to enforce claim on renewal note executed by deceased.

8.  **Stipulations—Appeal and Error—Stipulations—Errors Not Arising out of Defenses Stated Pursuant to Stipulation for Continuance in Higher Court, not Considered by Supreme Court.**

Errors not arising out of defenses stated pursuant to stipulation for continuance of case in circuit court after allowance of claim against estate by county court, will not be considered by Supreme Court.

Appeal from Circuit Court, Douglas County; Hon. R. B. Tripp, Judge.

Claim by the Commercial & Savings Bank and another against the estate of J. P. Barrett, deceased, opposed by James

Carlon, as administrator. Judgment for claimants in the county court was affirmed by the circuit court, and, from the judgment and order denying new trial, the administrator appeals. Affirmed.

*H. A. Doyle,* of Yankton, and *Walker. & Gurley,* of Armour, for Appellant.

*Sioux K. Grigsby,* of Sioux Falls, and *E. P. Wanzer,* of Armour, for Respondents.

(1) To point one of the opinion, Respondent cited: State v. Devers, 32 S. D. 473.

(2) To point two, Respondent cited: Ross Probate Law and Practice, Vol. 1, p. 538, Sec. 340; Verdier v. Roach, 96 Cal. 467, 31 P. 554; Patrick v. Austin, 20 N. D. 261, 127 N. W. 109.

(3) To point three, Respondent cited: In re Robert Estate (S. D.), 170 N. W. 580.

(6) To point six, Appellant cited: Alexander v. Ransom (S. D.), 92 N. W. 418; Muir v. Miller (Ia.), 47 N. W. 1011; Bailey v. Robinson, 244 Ill. 16, 52 L. R. A. (N. S.) 305; Simmons v. Sisson, 26 N. Y. 264.

Respondent cited: Griswold v. Hart, 205 N. W. 384, 98 N. E. 918, 30 Am. & Eng. Ann. Cas. 790; In re Golders Estate, 37 S. D. 397.

GATES, J. This matter began by the presentation of a claim against the estate of J. P. Barrett by the plaintiff bank, upon a promissory note executed by the deceased. The claim was rejected by the administrator, but was allowed by the county court. An appeal was taken by the administrator, and the cause was tried de novo in the circuit court. At the close of the trial the jury was withdrawn, and the case was decided by the court in favor of the plaintiff bank. The administrator appeals from the judgment and from an order denying new trial.

[1] It is first contended that the court erred in receiving in evidence the order of the county court which allowed the claim. In view of the fact that the case was decided by the court instead of by a jury, no prejudicial error is apparent, even if error there was.

It is next urged that the proof of claim presented to the administrator was insufficient. Section 3390, Rev. Code 1919, provides.

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not make by the claimant. Each claim must state the claimant's post office address."

The proof of claim was as follows:

"State of South Dakota, County of Minnehaha, ss.:

"Louis Jacobs of Sioux Falls, S. D., being first duly sworn, deposes and says that the claimant Commercial & Savings Bank is a banking corporation organized and existing according to law and transacting a general banking business at Sioux Falls, Minnehaha county, S. D., and the deponent is an officer thereof, to wit, the cashier of said bank, and has personal knowledge of the facts herein stated and makes this claim on behalf of said banking corporation: That said estate of J. P. Barrett, deceased, is justly indebted to said Commercial & Savings Bank in the sum of three thousand seven hundred fifty dollars ($3,750) with interest thereon from December 31, 1919, at the rate of 6 per cent per annum, which sum with interest is justly due and owing to said Commercial & Savings Bank from the said estate of J. P. Barrett, deceased, upon a certain promissory note made, executed, and delivered by said decedent in his lifetime, and which note was delivere1 by said decedent in his lifetime, and which note was for value and before maturity sold, indorsed, transferred, and delivered to said Commercial & Savings Bank, which is now the owner and holder thereof, and which note is in words and figures as follows: [Here follows a copy of the note and indorsement.] That no payments have been made thereon which are not credited upon said claim and that there are no offsets or counterclaims against the same to the knowledge of claimant or affiant.         Louis Jacobs.

"Subscribed and sworn to before me this 13th day of March, 1920.                    O. A. Shyburg, Notary Public."

[2] One of the suggested points of deficiency is that it was not made by the proper officer and did not set forth the facts from which the cashier acquired his knowledge. The cashier of a banking corporation is an executive officer of the bank, and when he verifies a proof of claim it is in fact verified by the claimant.

[3] Another point suggested is that the claim was not then due, and that the particulars thereof were not set forth with sufficient certainty, but we are not informed as to what was lacking. It is claimed that the post office address of the claimant was not given. The statement in the proof of claim that claimant was a banking corporation transacting a banking business at Sioux Falls, Minnehaha county, S. D., was a substantial compliance with the requirement that the post office address be given.

[4, 5] It is urged that neither the note or a copy of it accompanied the claim, and was not presented to the administrator for his inspection. The proof contained a copy of the note. There is no requirement of law that the note must be presented to the administrator for his inspection. It is urged that the claim was not properly verified, but we are not enlightened as to the particulars. It is clear, therefore, that the trial court did not err in holding the proof of claim to be sufficient in form.

[6] The next alleged error relates to the exclusion of the evidence of the son of deceased who was present when the note was given of which the note in suit was a renewal. It was sought to show by his testimony that there was fraud in the inception of the note. The testimony was excluded under the provisions of subdivision 2 of section 2717, Rev. Code 1919, which reads as follows:

"In civil action or proceedings by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party nor his assignor nor any person who has or ever had any interest in the subject of the action adverse to the other party, or to his testator or intestate, shall be allowed to testify against such other party as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party."

There was no error in the ruling. Cases from other jurisdictions having dissimilar statutes on the subject are not persuasive. The son and heir of the deceased was interested in the subject-matter of the action, and under our statute he could not relate the transactions or statements between his father and the person who induced the father to sign the original note. Re Golder's Estate, 37 S. D. 397, 158 N. W. 735.

[7] Error is also predicated upon the refusal of the trial court to permit the administrator to testify. It is not claimed that he was present at the transaction with deceased, but, it was claimed that the agent who obtained the note from deceased told the administrator he had obtained the note from deceased and wanted also to sell stock to the administrator; that he made certain representations to the administrator and said he had made the same representations to deceased. Of course the trial court did not err in excluding testimony tending to prove those facts.

[8] A number of other errors are assigned, but we do not consider them for the following reason: The defendants desired to have the case continued in the circuit court, and a stipulation was entered into that such continuance might be had provided defendant would within 30 days serve and file a statement of the defenses that would be interposed and relied upon by the administrator as against said claim. The further alleged errors did not arise out of the stated defenses.

The judgment and order appealed from are affirmed.

Note.—Reported in 204 N. W. 167. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 1050(1), 4 C. J. Sec. 2982; (2) Executors and administrators, Key-No. 227(3), 24 C. J. Sec. 1001; (3) Executors and administrators, Key-No. 227(1), 24 C. J. Sec. 986; (4) Executors and administrators, Key-No. 227(2), 24 C. J. Sec. 987; (5) Executors and administrators, Key-No. 227(1), 24 C. J. Sec. 986; (6) Witnesses, Key-No. 140(7), 40 Cyc. 2285; (7) Witnesses, Key-No. 160(1), 40 Cyc. 2328; (8) Stipulations, Key-No. 18(8), 36 Cyc. 1292.

On competency of interested witness to testify as to transactions with deceased in which he did not participate, see notes in L. R. A. (N. S.) 1179 et seq.