COLLINS, Appellant v. SIEWERT, et al, Respondents

(285 N. W. 518.)

(File No. 8287. Opinion filed May 2, 1939.)

*Tom Kirby* and *Clair Roddewig,* both of Sioux Falls, for Appellant.

*Leo A. Temmey,* Atty. Gen., and *Alan Williamson,* Asst. Atty. Gen., for Respondents.

SICKEL, Circuit Judge. The plaintiff is the Director of the South Dakota State Employment Service. Defendants are the members of the Unemployment Compensation Commission. The action was brought by plaintiff in the Circuit Court of Minnehaha County to prevent the defendants as such officers "from taking charge of the records, files and duties" of plaintiff's office. The Circuit Court entered judgment dismissing the action on its merits and denied plaintiff's motion for a new trial. From this judgment and order plaintiff has appealed.

The South Dakota State Employment Service was created by Chapter 40, Session Laws of 1935. This law provided for the management of the agency by a director of Employment to be appointed by the Governor. The plaintiff was appointed such Director at the time the law went into effect, and entered upon the duties of his office. Chapter 3, Laws of the Special Session of 1936, was enacted on December 24th of that year. That law created the Unemployment Compensation Commission and made the South Dakota State Employment Service a division thereof. It provides that this Employment Service "shall be administered by a full-time salaried Director" to be appointed by the Commission, subject to the approval of the United States Employment Service. The balances in the funds appropriated by Chapter 40, Laws of 1935, were transferred to the Employment Service account of the Unemployment Compensation Administration fund. The 1936 law was passed with an emergency clause and went into effect at once. The Governor appointed the Unemployment Compensation Commission and that Commission then appointed the plaintiff as Director of the Employment Service. The parties to this action have stipulated that the plaintiff "qualified and since about the first day of January, 1937, pursuant to such appointment, has been acting as such Director and drawing the salary therefor." The parties have further stipulated that "on or about the 24th day of January, 1939, the defendants served notice upon the plaintiff that his appointment as Director of the South Dakota State Em-

ployment Service made pursuant to Chapter 3 of the Laws of the Special Session of 1936 was to be terminated."

Appellant claims that Chapter 3, Special Session Laws of 1936, violates Section 21, Article 3, of the Constitution, for the reason that it embraces more than one subject and that one of the subjects is not expressed in the title. He contends that therefore the Act is invalid, that it did not repeal Chapter 40, Laws of 1935, that plaintiff's appointment under the 1935 law has never been revoked and that he still holds the office of Director and is not subject to removal by the Commission.

The defendants deny the unconstitutionality of the 1936 law. They claim that plaintiff was appointed under the 1936 law, that he qualified and acted thereunder as such Director and collected his salary therefor, and that now he is estopped to claim that the 1936 Act is invalid.

The trial court made a conclusion of law to the effect that by reason of the established facts in this case, the plaintiff is estopped to question the constitutionality of the 1936 law. This conclusion of law has been assigned as error by the appellant.

 Where a party has accepted the benefits of a law, he cannot question its validity. Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Ferguson v. Landram, 5 Bush., Ky., 230, 96 Am. Dec. 350; Gross v. Whitley County Commissioners, 158 Ind. 531, 64 N. E. 25, 58 L. R. A. 394; Greene County v. Lydy, 263 Mo. 77, 172 S. W. 376, Ann. Cas. 1917C, 274, and note page 284; DeNoma. v. Murphy, 28 S. D. 372, 133 N. W. 703; First State Bank v. Smith, 49 S. D. 518, 207 N. W. 467; Charles Hewitt & Sons Co. v. Keller, 223 Iowa 1372, 275 N. W. 94.

In the case of Daniels v. Tearney, supra, a bond was furnished in proceedings which were conducted under a void statute. The question arose over the right of recovery on the bond and the court said: "Where a party has availed himself for his benefit of an unconstitutional law, he cannot, in a subsequent litigation with others not in that position, aver its unconstitutionality as a defense, although such unconstitutionality may have been pronounced by a competent judicial tribunal in another suit. In such cases the principle of estoppel applies with full force and conclusive effect."

Ferguson v. Landram, supra, involved the collection of a tax. The court put the rule in the form of a question as follows: "Upon what principle of exalted equity shall a man be permitted to receive a valuable consideration through a statute, procured by his own consent, or subsequently sanctioned by him, or from which he derives an interest and consideration, and then keep the consideration and repudiate the statute as unconstitutional?"

The case of Gross v. Whitley County Commissioners, supra, involved the amount to which a county treasurer was entitled as salary during a period when there was a Supreme Court decision holding the salary law unconstitutional. The court held that the treasurer "accepted his salary under the act of 1891, and yet retains it, and, having taken the benefit of the statute, he cannot be permitted to question its validity."

In the case of DeNoma v. Murphy, supra, a landowner signed a petition asking for the construction of a ditch, saw and acquiesced in the construction of it without protest. After receiving the benefits of the ditch he challenged the constitutionality of the law under which it was constructed, in order to avoid payment of the assessments. The court said: "Where one has received benefits under an unconstitutional law, a court of equity will not aid him to escape payment by reason thereof, and this upon the ground that he is estopped by the receipt of the benefits from denying its constitutionality."

The case of Greene County v. Lydy, supra, was one in which an officer was authorized by law to collect certain fees. After deducting his salary he refused to turn over the balance of the fees to the school fund as required by the law, on the ground that the statute under which the fees were collected was unconstitutional. The opinion states the rules as follows: "The law under which defendant collected the money in controversy was in force when he accepted the office of probate judge of Buchanan county. By voluntarily accepting that office and collecting the fees which the law prescribed for his services, he waived the right to assail the constitutionality of that law."

The plaintiff in this case accepted the appointment as Director from the Unemployment Compensation Commission under the Act of 1936. He qualified, performed the duties of his office, and collected his salary under that law for over two years.

He thereby accepted its benefits and acknowledged its validity. In doing so he also admitted the repeal of the Act of 1935, and abandoned the appointment which he received from the Governor thereunder. He cannot now question the constitutionality of the Act of 1936.

In view of our conclusion on this assignment of error, it is not necessary to discuss or decide whether Chapter 3 of the Laws of the Special Session of 1936 is valid under Section 21, Article 3, of the Constitution.

The judgment and order of the Circuit Court are affirmed.

ROBERTS and RUDOLPH, JJ., and PUCKETT, Circuit Judge, concur.

POLLEY, J., absent and not participating.

PUCKETT and SICKEL, Circuit Judges, sitting for WARREN, P. J., and SMITH, J., disqualified.