The Federal Farm Mortgage Corporation within the time fixed by law for the presentation of claims against the estate of Edwin Gooder, deceased, presented to the administratrix a sworn claim based on a note for $7,500 made by the decedent. The administratrix rejected the claim. A photostatic copy of the note dated October 17, 1934, and payable to the order of the "Land Bank Commissioner acting pursuant to Part 3 of the Act of Congress known as the Emergency Farm Mortgage Act of 1933 [12 U.S.C.A. § 1016 et seq.], at his office in the City of Omaha in the State of Nebraska" was attached to the claim. The amounts paid on the note by Edwin Gooder during his lifetime and the several amounts yet to fall due upon the note are set forth in the claim. It is also stated that although the Land Bank Commissioner is named as payee the note, in fact, was made on behalf of the Federal Farm Mortgage Corporation pursuant to an Act of Congress and that the Federal Farm Mortgage Corporation is the holder of the note and the mortgage given to secure its payment and that such mortgage is subject to a prior mortgage executed by Edwin Gooder, deceased, and his wife to the *Page 245 
Federal Land Bank of Omaha in the principal sum of $15,000.
The Federal Farm Mortgage Corporation asks in its claim that the sum of $677.71, the amount of the installments that were due, and interest thereon be allowed as an absolute claim and that the sum of $7,125 and interest be allowed as a debt not yet due. The verification of the said claim is as follows:
"Jacob J. Grest, being-first duly sworn, on oath deposes and says that he is Vice-President of the Federal Farm Mortgage Corporation, located in the City of Omaha, County of Douglas, State of Nebraska; that Land Bank Commissioner loans are now owned by and are the property of the Federal Farm Mortgage Corporation and that he makes this verification for and on behalf of said Corporation; that he has read the foregoing Creditor's Claims and knows the contents thereof and the facts therein set forth are true; that the claims are correct and justly due and that no payments have been made thereon which are not credited, nor are there any offsets to the same to his knowledge; that on the 23rd day of February, 1939, there was owing thereon as unmatured principal the sum of $7,125.00, that the total amount due and owing at this time is the sum of $7,802.71 and that the unmatured principal on said loan is not yet due by the terms and conditions of said note and mortgage but that time is the only element lacking to mature said indebtedness.
"Jacob J. Grest.
"Subscribed and sworn to before me this 3rd day of March, 1939."
Arthur E. Shell and others whose claims against the estate had been approved filed objections to the approval of the claim by the county court, alleging that the claim was insufficient in form, that no transfer of an interest in the note and assignment of the mortgage securing the note have ever been made to the Federal Farm Mortgage Corporation, that the federal statute authorizing the loan is unconstitutional *Page 246 
and that claimant in any event can prove only the balance due after exhausting its security. The county court on hearing after notice rejected the claim.
Upon appeal to and trial in the circuit court, the order of the county court rejecting the claim was reversed and judgment was entered upon findings of fact and conclusions of law directing payment by the administratrix in the due course of the administration of the estate. From this judgment, an appeal was perfected to this court by the objecting creditors.
Motion to dismiss the appeal was overruled. In re Gooder's Estate (Federal Farm Mortgage Corporation v. Gooder et al.),68 S.D. 415, 3 N.W.2d 478.
The answer to the question whether the claim was sufficient in form must be found in the provisions of the statute. So far as here pertinent, they provide: "All claims arising upon contract whether the same be due, not due, or contingent, must be filed within the time limited in the notice, and any claim not so filed is forever barred." SDC 35.1404. "Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant. Each claim must state the claimant's post office address. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim." SDC. 35.1407. "If a claim is founded on a bond, bill, note, or any other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited if demanded unless it is lost or destroyed, in which case the claimant must accompany his claim by his affidavit containing a copy or particular description of such instrument *Page 247 
and stating its loss or destruction. If the claim or any part thereof is secured by a mortgage or other lien which has been recorded or filed according to law in the office of the register of deeds of the county in which the land affected by it lies, it is sufficient to describe the mortgage or lien, and refer to the date of its filing and the volume and page of its record." SDC 35.1409.
[1] We think that the claim presented conforms to the statutory requirement that if the claim is not due when presented the particulars thereof must be stated. The claim sets forth the execution and delivery of a note by decedent, ownership by claimant, copy of note and endorsements thereon as part of the claim, the amount of the claim not due at the time of presentment, and description of the mortgage securing the indebtedness and the date of its filing and the volume and page of its record.
[2] The contentions of appellants that the verification is insufficient because it does not set forth the reason why it was not made by claimant and that the post office address of claimant is not given are not tenable in view of the expressions contained in the case of In re Barrett's Estate, 48 S.D. 302, 204 N.W. 167, 169. This court therein said: "One of the suggested points of deficiency is that it was not made by the proper officer and did not set forth the facts from which the cashier acquired his knowledge. The cashier of a banking corporation is an executive officer of the bank, and when he verifies a proof of claim it is in fact verified by the claimant. * * * It is claimed that the post office address of the claimant was not given. The statement in the proof of claim that claimant was a banking corporation transacting a banking business at Sioux Falls, Minnehaha County, S.D., was a substantial compliance with the requirement that the post office address be given."
[3] The trial court did not err in overruling contention that the Federal Farm Mortgage Corporation cannot recover because it is not the payee named in the note or the legal holder thereof by endorsement or assignment. The Emergency *Page 248 
Farm Mortgage Act of 1933, § 32(g), as amended by Act January 31, 1934, 12 U.S.C.A. § 1016(g), provides that the Land Bank Commissioner shall, in his name, make loans on behalf of the Federal Farm Mortgage Corporation and may make such loans in cash or in bonds of the corporation. The note in question recites that it is made payable to the order of the Land Bank Commissioner acting pursuant to the Emergency Farm Mortgage Act of 1933. In Sullivan et al. v. Federal Farm Mortgage Corporation,62 Ga. App. 402, 8 S.E.2d 126, the court under precisely the instant situation sustained the right of the plaintiff to recover against the estate of a deceased debtor. The court basing its conclusion on the provisions of the federal statute held that the Federal Farm Mortgage Corporation, a legal entity created by an act of Congress, could maintain suit on a note payable to the order of the Land Bank Commissioner.
[4, 5] This brings us to the contention that the statute authorizing the loan to decedent is invalid. Decedent having invoked the act of Congress to procure the loan was not in position to challenge the validity of the act. DeNoma v. Murphy et al., 28 S.D. 372, 133 N.W. 703; Collins v. Siewert et al.,66 S.D. 477, 285 N.W. 518; see, also, Federal Farm Mortgage Corporation v. Hughes et al., 137 Neb. 454, 289 N.W. 866. We think there is no occasion to consider the question of constitutionality as the objecting creditors are not entitled to raise it. The general creditors are in no better position to challenge the validity of the act of Congress than was decedent though the assets of the estate are insufficient to pay all claims against it.
[6, 7] Appellants concede that ordinarily a mortgagee may sue on an indebtedness without foreclosing the mortgage. But they contend that where there are secured and unsecured creditors of an insolvent debtor the secured creditor must first exhaust his security, apply the proceeds and then share with the unsecured creditors on the balance. In Finnerud's Estate (Midland National Life Insurance Co. v. Johnson et al.), 68 .SD. 146, 299 N.W. 297, 299, we *Page 249 
adopted the following views with respect to devised mortgaged property: "When it is found that a decedent has executed a bond and mortgage on real property, his estate is substantially in the position of surety or guarantor respecting the mortgage obligations, and the mortgagee has a provable claim against the estate itself only if and to the extent that the security proves inadequate." Unlike Midland National Life Insurance Co. v. Johnson et al., supra, this is not a case of real property disposed of by will, and appellants cannot invoke the provisions of SDC 56.0227. Under this section devised mortgaged property is made the primary fund for payment of the mortgage debt unless it is otherwise provided in the will and its provisions are the basis of the holding of this court in the case cited. It does not purport to affect the rights of creditors and has no application to intestate property. We agree with the conclusion of the trial court that respondent mortgagee cannot be required to resort to its lien or to offset the value, if any, of its security and share pro rata with other creditors on the balance.
The judgment appealed from is affirmed.
All the Judges concur.