[File No. 7005]

JOHN BLOOMDALE, Appellant, v. SARGENT COUNTY, North Dakota, a Municipal Corporation, et al. and THE VILLAGE OF RUTLAND, North Dakota, a Municipal Corporation, Respondent.

(24 NW2d 38)

Opinion filed September 6, 1946

*Hugo P. Remington,* for appellant.
*A. Leslie Forman,* for respondent.

Morris, J. This action involves title to two lots in the Village of Rutland. It is submitted on an agreed statement of facts. The plaintiff was the former owner of these lots. He failed to pay the taxes thereon for the years 1929 to 1935, inclusive, amounting to $266.50. On October 2, 1940, Sargent County acquired title to the property through tax deed proceedings which culminated in the issuance of a tax deed to the county on that date. The board of county commissioners appraised the property and fixed its minimum sale price at $100. Thereafter notice was duly given and the property was offered for sale at the regular November sale of tax deed property held by the county. At that sale there were no private bidders. The county bid the sum of $100, the appraised value, and executed a deed to itself. On May 8, 1942, pursuant to a resolution adopted by the board of county commissioners of Sargent County the county conveyed the premises to the Village of Rutland for park and recreational purposes as provided by Chapter 118, Session Laws North Dakota 1935. The conveyance was without monetary consideration. No notice was given to the former owner of the intended conveyance to the Village of Rutland nor was any opportunity

afforded him to repurchase the premises for the appraised value thereof. It does not appear that any attempt was made on the part of the former owner to redeem or repurchase prior to the conveyance. After the conveyance and before the commencement of this action, he tendered the sum of $100 to the county which tender was refused. On September 4, 1945, he deposited said sum with the clerk of the district court of Sargent County.

The trial court determined that the deed conveying the premises to the Village of Rutland was valid and that the plaintiff has no right to redeem from the tax sale or to repurchase the property for the appraised value. Judgment was entered dismissing plaintiff's action from which he appeals.

The grant to the Village of Rutland was made pursuant to Ch. 118, Sess Laws ND 1935:

"Section 1. The board of county commissioners of any county is hereby authorized to set aside and transfer for park and recreational purposes any land within, and held by, the county and acquired through tax sales proceedings and upon which tax deed has been issued to the county and which lands are suitable or fitted for use as a public park or recreation center. All unpaid taxes against such land shall be cancelled and the land so set aside shall be withdrawn from the list of property for sale by the county.

"Section 2. Whenever it appears that public interest so requires, the board of county commissioners may convey any of such lands to a city or to a village for park and/or recreational purposes without consideration, or for such consideration as to the board of county commissioners shall seem sufficient. The board of county commissioners may also by resolution establish such property as a county park or attach the same to and make it a part of a county park theretofore established."

The appellant relies upon § 19 of Ch 286, Sess Laws ND 1941, which provides that: "The owner, or his successor in interest, shall have the right to repurchase all real estate heretofore or hereafter, forfeited to the county under tax deed proceedings,

*so long as the tax title thereto remains in the county."* (Italics supplied.)

Ch 286 also provides for an annual sale of lands acquired by the county through tax deed proceedings which is held on the third Tuesday of November of each year. Property not sold at the annual November sale may be sold by the county auditor at private sale at any time before the next annual sale at not less than the minimum sales price fixed by the board of county commissioners prior to the annual sale. (Section 17, Ch 286, Sess Laws ND 1941.) The next section provides that in event of a private sale, the sale shall be held in abeyance for a period of thirty days from the date of notice to the owner or his successor in interest in the manner therein prescribed, during which time repurchase may be made. The appellant contends that he was given no notice of the impending transfer to the Village of Rutland and therefore had no opportunity to repurchase before the transfer was made. Thus the controversy narrows down to his right to such notice. If the notice was required, his right to repurchase has not been terminated. If the notice was not required, he may not complain and the deed is valid.

The appellant argues that the provisions of Ch 286, Sess Laws ND 1941, giving him the right to repurchase conflicts with Ch 118, Sess Laws ND 1935, under which the grant to the Village of Rutland was given and that the right being asserted under a later statute is superior to that of the village. We see no conflict.

We have already held that the right of the original owner or his successor in interest to repurchase under the provisions of Ch 286 comes as a special act of grace on the part of the legislature which that body might grant on such terms as it deems advisable or withhold altogether. Stutsman v. Smith, 73 ND 664, 18 NW2d 639.

The legislature has provided three ways by which a county may dispose of tax deed property. (1) It may sell the property to the highest bidder as provided by § 14 of Ch 286. (2) It may sell the property at private sale under §§ 17 and 18 of Ch 286, in which event the former owner or his successor in interest must be given thirty days' notice. (3) It may proceed in the manner

set forth in Ch 118, Sess Laws ND 1935, and set aside and transfer the property for park and recreational purposes and may convey the same to a city or village for park or recreational purposes or both.

There is no conflict between these three procedures. When any one of them is followed in the manner prescribed by statute it results in the withdrawal of the land from the list of property held by the county for sale. The "tax title" no longer remains in the county and the right of the original owner to repurchase is extinguished.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch J., BURR, NUESSLE and BURKE, JJ., concur.