William SCHULE, Plaintiff and Respondent,

v.

Otto REULE, State Bank of Ross, North Dakota, a Corporation, et al., Defendants,

J. A. Graham, State Examiner, Defendant and Appellant.

No. 7451.

Supreme Court of North Dakota.

Sept. 23, 1955.

Q. R. Schulte, Stanley, for plaintiff and respondent.

Paul Benson, Atty. Gen., John E. Adams, Asst. Atty. Gen., for defendant and appellant.

BURKE, Chief Justice.

This appeal is from a judgment entered· in an action to quiet title to certain land located in Mountrail County. The judgment was in favor of the plaintiff. The defendant J. A. Graham, State Examiner, has appealed from the judgment and demanded a trial de novo in this court.

Prior to 1930 the land, with which we are concerned, was owned by the State Bank of Ross. This bank became insolvent and L. R. Baird was appointed its receiver on June 25, 1930. No taxes were paid upon said lands by the receiver and the land was sold to Mountrail County for delinquent taxes for the year 1930 and subsequent years. Notice of the expiration of the period of redemption from tax sale was issued on May 13, 1942 and served upon the receiver by registered mail. No redemption was made and a tax deed of the land was issued to Mountrail County on October 1, 1942. The receiver was finally discharged November 4, 1943.

On February 15, 1951,· the County of Mountrail received an offer to purchase said land from Arthur Domaskin. The county auditor thereupon issued a notice, directed to the State Bank of Ross, the former title holder of record, that the sale to Domaskin would become final within thirty days from the date of the mailing of the notice unless the bank repurchased the land within that time. The notice was sent to the bank by registered mail. The envelope containing the notice was never delivered and it was returned to the county auditor unopened. On March 27, 1951, Mountrail County conveyed the land to Domaskin. On September 5, 1951, Domaskin and his wife conveyed the land to the plaintiff, William Schule.

■ The defendant, State Examiner, has attacked the sale of the land by the county to Domaskin upon several grounds. The first question to be decided, however, is whether the State Examiner has a sufficient interest in the subject matter of this action to give him standing to contest the sale.

Section 6–0738, NDRC 1943 provides in part:

"* * * When the receivership of a closed bank is terminated, all * * * property of such bank, * * * shall be delivered over by such receiver to the state examiner * * *. The state examiner * * * shall be vested with title to any assets belonging to such bank and not distributed in such receivership, * * *."

We think it clear that, by the provisions of the above statute, the State Examiner, on November 4, 1943, when the receivership of the Ross State Bank was terminated, became the successor in interest to the receiver with respect to title to the undistributed assets of the bank and all rights and privileges in connection therewith which would legally devolve upon a successor in interest.

The proceedings by which the county acquired tax title to the land in question are not challenged. It is apparently conceded that these proceedings were in all respects regular and that the county's title to the land was valid. By statute however there was reserved in the former owner a right of repurchase which continued as long as the county held title to the land. The statute in effect, at the time the state examiner acquired title to the assets of the bank as successor in interest to the receiver, was Chapter 121, Laws of N.D.1943. Section 2 of this act provided:

"The former owner his executor or administrator or any member of his immediate family shall have the right to repurchase all real estate * * * forfeited to the county under tax deed proceedings, so long as· the tax title thereto remains in the county. * * *"

■ The right of repurchase granted by this and prior statutes does not prevent complete title from vesting in a county by virtue of a valid tax deed. The right of repurchase is not an interest in real prop-

erty but merely a privilege which the legislature may grant upon such terms as it deems advisable. Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837; Bloomdale v. Sargent County, 74 N.D. 651, 24 N.W.2d 38; Ulrich v. Amerada Petroleum Corp., N.D., 66 N.W.2d 397.

 It is clear therefore that the State Examiner acquired no interest in the real property, title to which is in issue, at the time he succeeded to the interest of the receiver. Could he, as successor in interest to the receiver acquire a right of repurchase? We are agreed that he could not. Chapter 121, Laws of N.D.1943, specifically restricts this right to the former owner, his executor or administrator or any member of his immediate family. Whether a corporate owner could qualify as a "former owner" under this statute we do not decide for, in any event, it is clear that a successor in interest to a former owner cannot so qualify. The intent of the legislature to limit the grant of the right of repurchase to the persons named and to make this privilege unassignable is made evident by comparing the 1943 statute with those of 1939 and 1941.

Section 1 of Chapter 238, Laws of N.D. 1939 provided:

"Any real estate heretofore or hereafter forfeited to the county under tax deed proceedings, shall be subject to redemption by the owner whose title was forfeited, or his successor in interest, at any time while the tax title thereto remains in such county * * *."

Section 19, Chapter 286, Laws of N.D. 1941 provided:

"The owner, or his successor in interest, shall have the right to repurchase all real estate heretofore or hereafter, forfeited to the county under tax deed proceedings, so long as the tax title thereto remains in the county."

Each of these statutes confers the privilege of repurchase, not only upon the former owner, but also on his successor in interest. When the words "successor in interest" were deleted from the 1943 statute the deletion must have been intentional. It must therefore have been the legislative intent that successors in interest to a former owner should not have a right of repurchase under the 1943 statute.

 Upon the record in this case plaintiff had a prima facie title to the land and since the State Examiner, when he succeeded to the interests of the receiver in the assets of the State Bank of Ross, acquired neither any title to, nor any rights or privileges with respect to, that land, he has no interest therein sufficient to enable him to challenge plaintiff's title. State v. Rosenquist, 78 N.D. 671, 51 N.W.2d 767.

The judgment of the district court is therefore affirmed.

GRIMSON, JOHNSON, SATHRE and MORRIS, JJ., concur.