Halvor F. HOLBECK, Plaintiff and Respondent,

v.

Esther V. HULL and Lathrop W. Hull, individually and as trustees under the Last Will and Testament of J. Y. Hull, deceased, Gertrude Hull Felker, Ella J. Ewens, as heirs and devisees of J. Y. Hull, deceased; Ivan Murray and John F. Mullaney, The Texas Company, Thomas G. Dorough, McKenzie County, North Dakota, a municipal corporation, and all other persons unknown claiming any estate or interest in or lieu or encumbrance upon the property described in the Complaint, Defendants and Appellants.

No. 7761.

Supreme Court of North Dakota.

June 20, 1959.

Rehearing Denied July 28, 1959.

Cox, Pearce & Engebretson, Bismarck, for appellants, Texas Company and Thomas G. Dorough.

Walter O. Burk, Williston, for appellants, Ivan Murray and John F. Mullaney.

John O. Garaas, Watford City, and Lathrop W. Hull, Chicago, Ill., for Esther V. Hull and Lathrop W. Hull, individually and as trustees under Last Will and Testament of J. Y. Hull, deceased, Gertrude Hull Felker, Ella J. Ewens, as heirs and devisees of J. Y. Hull, deceased.

Bjella, Jestrab & Neff, Williston, for respondent.

Strutz, Jansonius & Fleck, Bismarck, amicus curiae.

BURKE, Judge

This is an action to determine adverse claims to 120 acres of real property located in McKenzie County. The plaintiff claimed an interest in the land described in the complaint under an oil and gas lease. The several defendants, by answer and counterclaim, asserted interests in said land adverse to the plaintiff and adverse to each other. Trial of the case resulted in a judgment decreeing that the plaintiff was the owner of a valid oil and gas lease of the entire mineral interest underlying such property. Defendants have appealed from the judgment and have demanded a trial anew in this court.

Prior to October 1, 1940, the land was owned by E. Y. Hull of Oshkosh, Wisconsin. On that date McKenzie County acquired title to the land by a valid tax deed which was immediately filed for record in the office of the register of deeds. On May 4, 1948, McKenzie County executed and delivered to Thomas G. Dorough a lease of oil and gas and other minerals under said property. This lease was executed and delivered without giving notice of the proposed sale to E. Y. Hull or his heirs in accordance with the provisions of Sec. 57–2818, NDRC 1943. This lease was recorded in the office of the Register of Deeds of McKenzie County June 23, 1948. On October 25, 1948, Dorough assigned the lease to the defendant, Texas Company. This assignment was recorded December 6, 1948. McKenzie County thereafter sold the land, at private sale, to Ivan Murray and after the expiration of a 30 day notice of intention to sell at private sale, mailed by registered mail to E. Y. Hull at Oshkosh, Wisconsin, gave Murray a deed of the land on May 3, 1949. The deed recited that it was "subject to the provisions of Ch. 136, Laws of North Dakota, 1941, reserving to the county fifty per cent of all oil, gas or minerals that may be found underlying said land."

On February 2, 1951, Murray conveyed the property to the United States of America in exchange for other land. Murray excepted from this grant "50% of all oil, gas or minerals upon or underlying said land, received by McKenzie County, North Dakota, under the provisions of Ch. 136, Laws of North Dakota 1941 * * *." On February 1, 1954, the United States of America executed and delivered to the

plaintiff, Halvor Holbeck, a lease of all of the oil, gas or minerals underlying the land.

Upon this record the defendants, Esther W. Hull, Lathrop W. Hull, Gertrude Felker and Ella J. Ewens, claim an interest in the land as heirs of E. Y. Hull, the former record owner. Their claim includes the whole interest in the land free of all incumbrances. These defendants do not challenge the county's tax title, nor do they take any exceptions to the procedure by which the county conveyed the land to Ivan Murray. They say, however, that the ostensibly regular proceedings for the sale of the land to Ivan Murray were vitiated by the prior irregular proceedings in the sale of an oil and gas lease to the defendant, Dorough. The claim rests upon their construction of Sec. 57–2818, NDRC 1943. In so far as it is pertinent this statute provides:

" * * * and if such property is sold at private sale to any person other than the former owner, his executor or administrator, or member of his immediate family, such sale shall be held in abeyance for a period of thirty days from the date of notice to the former owner, his executor or administrator, or member of his immediate family, given by registered mail by the county auditor, to his last known post office address, or if the post office address is not known, then to the post office nearest the land, during which time the former owner, his executor or administrator, or any member of his immediate family, may make redemption by payment in full of the delinquent taxes, penalty, and interest charged against such real estate or the proposed sale price, whichever may be the lesser. If no redemption is made by the former owner, his executor or administrator, or any member of his immediate family, during said period of thirty days, then the sale shall be final and the purchaser shall be entitled to a deed as provided in this chapter * * *".

On behalf of the Hull heirs it is argued that the foregoing statute does not make the giving of the notice of sale a condition prerequisite to the making of a contract for sale, but only to the finality of the sale. It is pointed out that the statute does not prescribe any time within which the notice must be given, but merely provides that the sale shall be held in abeyance until 30 days after the notice has been given. It is also argued that, as assignee of Dorough's lease, the defendant, Texas Company, has a potential interest in the land which is subject to the giving of such notice and possible repurchase by the Hull heirs and that as long as such potential interest was outstanding the county was without power to sell the land to the defendant, Ivan Murray.

While we agree generally with the construction placed on this statute by the Hull heirs we do not agree as to the effect of such a construction. The existence of an executory agreement, to dispose of a partial interest in the land to one person, would not bar the county from selling the remaining interest to another person. If the county gave proper notice of the intention to make such a sale, the sale would be valid, if no repurchase by the former owner, or members of his immediate family, was made. On the other hand, if repurchase was made, the purchaser would recover the entire interest which the former owner had possessed. The right to repurchase is not divisible. A person having a right to repurchase is entitled to only one opportunity to exercise it and although the county proposes to dispose of a partial interest only, the person holding the right must, if he chooses to repurchase, purchase the entire interest of the former owner. Pederson v. Federal Land Bank, N.D., 72 N.W.2d 227.

In this case the Hull heirs had their opportunity to repurchase. Notice of that right and of the proposed sale to Ivan Murray was given as required by statute. When they elected not to exercise the right, all

their interest and privileges with respect to the land were terminated. It follows that the Hull heirs have no interest in the land described in the complaint. It also follows that Ivan Murray, by his purchase, acquired a valid title to the land subject to the limitations hereinafter discussed.

The next question is whether the title of Ivan Murray is subject to the oil and gas lease held by the Texas Company. Consideration of this question requires further inquiry into the nature of the former owner's right to repurchase. This right was first created by Ch. 228, Laws of North Dakota 1939. By that statute the right was conferred both upon the former owner and upon his successor in interest. The right is not an interest in real property. It is in the nature of an option granted by the legislature as a special act of grace. Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837; Bloomdale v. Sargent County, 74 N.D. 651, 24 N.W.2d 38; Ulrich v. Amerada Petroleum Corp., N.D., 66 N.W.2d 397. Originally the right of repurchase was transferable, but the right was indivisible and could only be transferred in toto. Pederson v. Federal Land Bank, N.D., 72 N.W.2d 227. The legislature, in 1943, made the right nontransferable by limiting it to the former owner, his executor or administrator or the members of his immediate family. Ch. 121, Laws of North Dakota 1943. The right was thus reduced to the status of a family privilege. So, now, where a former owner transfers his interest in the property to a person outside the privileged class, such person may challenge the validity of the actual tax title proceedings but may not challenge a sale of a county acquired tax title to a third party upon the ground that a proper notice of private sale was not given to the former owner. Schule v. Reule, N.D., 72 N.W.2d 225. A fortiori one, who is not in privity with the former owner, may not challenge a sale or transfer on that ground. Thus Ivan Murray may not challenge the validity of the Texas Company's lease on the ground that no notice of the proposed lease was given to

E. Y. Hull or his heirs. And since the Texas Company's lease was of record in the office of the Register of Deeds of McKenzie County at the time Murray purchased his interest that interest is subject to the lease. There is nothing said in Ulrich v. Amerada Petroleum Co., supra, that is inconsistent with this view. In that case we said (66 N.W.2d 397, 404):

"The title of the county to any tax forfeited land is not affected by this privilege given to the prior owner and his family. The county is only required to give a notice to them in case of the proposed, private sale of any interest therein. A lease given without that notice is subject to the right of the prior owner to repurchase. Such a lease is voidable by the prior owner or his family on repurchase according to the provisions of Section 57–2818, NDRC."

In the foregoing paragraph we have stated three separate effects of the failure to give notice of a private sale of an interest in tax acquired land. They are: 1, the sale is subject to the right of the former owner to repurchase; 2, the sale is voidable, not void; and 3, the sale is voidable at the instance of a party who still has a right to repurchase. This decision clearly implies that a sale without notice may not be voided at the instance of a party who has no right to repurchase. It follows that the Texas Company's lease is valid and that the subsequent lease of the plaintiff Holbeck is of no effect.

There remains in this case an issue as to whether Ivan Murray, in his deed to the United States of America, conveyed all of the minerals or only 50 per cent thereof. This issue involves the right to royalties and the reversion under the Texas Company's lease. Since the United States of America was not made a party to this law suit, we are without power to give a binding decision on this issue. We therefore do not consider it.

The judgment of the district court is reversed and the case remanded for the entry of a judgment in accordance with this opinion.

SATHRE, C. J., and MORRIS, J., concur.

On Petition for Rehearing

BURKE, Judge.

The respondent has filed a petition for rehearing in this case. He founds his petition upon a contention that neither the oil and gas lease from McKenzie County to Dorough or Dorough's assignment of the lease to the Texas Company contains the address of the grantee; that such instruments were not entitled to be placed on record and therefore the recording thereof did not constitute notice to subsequent purchasers.

 In the lease to Dorough the grantee is described as Thomas G. Dorough whose post office address is Denver, Colorado. It is urged that, in a city as large as Denver, a post office address which names merely the city and state is insufficient. We do not agree. For all the record shows it might have been impossible for Dorough to give a more definite address, and he may have kept the postmaster at Denver informed of a constantly changing forwarding address. In any event Denver, Colorado, was the address of the post office from which he received his mail when he was home. It was his post office address. See In re Gooder's Estate, 69 S.D. 242, 9 N.W. 2d 143, wherein City of Omaha, County of Douglas, State of Nebraska was held to be a sufficient post office address, and In re Barrett's Estate, 48 S.D. 302, 204 N.W. 167, wherein Sioux Falls, Minnehaha County, S. D., was held to be sufficient.

Since Dorough's lease was properly recorded, it was notice of the outstanding leasehold interest to all subsequent purchasers and it is immaterial whether the Texas Company's assignment was entitled to record in so far as grants from persons other than Dorough are concerned.

Two other petitions for rehearing were also filed. One of these was filed on behalf of the defendants, Esther V. and Lathrop W. Hull. The other was filed by persons who seek to be heard as amici curiæ. These additional petitions present no new light upon questions which were at issue in this case.

The petitions for rehearing are therefore denied.

SATHRE, C. J., and MORRIS, J., concur.